O'NEIL, Appellee, v. SEE BEE CLUB, Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22975. Decided March 10, 1954.

Krewson & Williams, Cleveland, for appellee.
Crossen & Chamberlain, Cleveland, for appellant.

(STEVENS, J, HUNSICKER, J, of the 9th District: COLLIER, J, of the 4th District, sitting by designation in the 8th District.)

## OPINION

By STEVENS, PJ.:

This is an appeal on questions of law from a judgment for plaintiff below (appellee in this court) in the amount of $550, because of personal injuries sustained by him.

The facts follow.

Plaintiff was, on July 30, 1952, a member in good standing of the defendant club, an unincorporated association. On said evening, plaintiff, his wife, and another couple, drove to the Sea Bee Club parking ground. Upon arrival, plaintiff, his wife, and the driver's wife, left the automobile at the entrance to said parking ground, and the driver proceeded to park the car as directed by a parking attendant. Plaintiff paid the parking fee of 50c, which was charged alike to members of defendant club, and to the public.

Thereafter, the four persons mentioned attended the Cleveland Indians baseball game at the stadium, leaving the ball park about midnight.

On their return, they entered the defendant club, where they had some refreshments. At about 1 a. m., they left the club to go to the host's car; the host, knowing its location, leading the way. The evidence justifies the conclusion that the parking lot was very dark.

The driver and the two women entered the car, a two-door sedan, from the driver's side; the plaintiff assisted the women into the car, walked to the rear of the car, around its rear, and started forward to the right door, when he stepped into an unseen window well, the existence of which was unknown to plaintiff, and sustained the injuries of which he complains.

Three errors are assigned.

1. Refusal of the court to charge as requested by defendant.

2. That plaintiff was guilty of contributory negligence as a matter of law.

3. That plaintiff, being a member of the defendant club, cannot, as a matter of law, maintain an action for damages against said club.

As to the first assignment of error, the appellant says that, after the giving of the general charge to the jury, it requested the court to additionally charge as follows:

"If you find that Mr. O'Neil was negligent and that his negligence contributed in the slightest degree to the proximate cause of this accident, then your verdict must be for the defendant."

That request was overruled.

In the general charge the court had stated:

"* * * if you find that this accident was caused by any act of negligence on the part of the plaintiff which proximately contributed to this accident, then you will find for the defendant."

Proximate cause had been defined as "that cause without which the accident would not have happened."

The charge of the court on contributory negligence and proximate cause was such that it included the requested amplification. The words "if you find that this accident was caused by **any act of negligence** on the part of the plaintiff which proximately contributed * * *" (emphasis ours), contemplates and includes negligence of plaintiff which contributed to his injury in the slightest degree.

We find no reversible error as to assignment No. 1.

We have read the complete record in this case, as well as all of the cases cited in appellant's brief relating to contributory negligence as a matter of law.

It is our conclusion that the facts, here presented, were such as amply justified the trial court in submitting to the jury the question of the contributory negligence of the plaintiff, and the jury's conclusion thereon we do not find to be manifestly against the weight of the evidence.

The third assignment of error asserts that one who is a member of a social club cannot successfully maintain an action for damages for personal injuries against the club.

The evidence herein shows that Frank M. Sexton and Grace M. Sexton were conducting the Sea Bee Club; that the club was a voluntary unincorporated association not for profit; that plaintiff was a member of said club; and that his action was for the recovery of damages from said club for personal injuries allegedly sustained by him on the premises of the

club, because of the claimed negligence of the defendant club.

We are unanimously of the opinion that the decision in the case of **Koogler et al Trustees v. Koogler, 127 Oh St 57,** precludes this plaintiff, as a member of the See Bee Club from maintaining this action against said club.

The motions of defendant below (appellant in this court) for a directed verdict, made at the conclusion of plaintiff's case, and at the conclusion of all the evidence, should have been sustained, as also should the motion for judgment notwithstanding the verdict. In its refusal to so rule, the trial court prejudicially erred.

The judgment is reversed, as being contrary to law, and this court will enter the final judgment for appellant which the trial court should have entered.

Reversed and judgment for appellant.

HUNSICKER, J, COLLIER, J, concur.