TAYLOR ET AL., APPELLANTS, *v.* WEBSTER, APPELLEE.

[Cite as Taylor v. Webster, 12 Ohio St. 2d 53.]

(No. 40650—Decided December 6, 1967.)

*Messrs. Dworken & Bernstein* and *Mr. Marvin P. Dworken,* for appellants.

*Messrs. Hauxhurst, Sharp, Mollison & Gallagher, Mr. Burt Fulton* and *Mr. John P. Browne,* for appellee.

ZIMMERMAN, J. First, counsel for the appellants contend that the Court of Appeals substituted its judgment for that of the jury and reversed the judgment below on the weight of the evidence, which it was not permitted to do because of the incomplete bill of exceptions presented to it. However, the bill of exceptions before the court contained enough of the evidenc submitted at the trial to show the management of the air gun by defendant, and the court found as a matter of law that such evidence was not sufficient to impose liability on her. Neither in the Court of Appeals opinion nor in its judgment entry of reversal is there any indication or suggestion that there was a reversal on the weight of the evidence.

Section 2903.06, Revised Code, in force at the time of Henry's injury, recites:

"No person shall sell, barter, furnish, or give to a minor under the age of seventeen years, an air gun, musket, rifle, shotgun, revolver, pistol, or other firearm, or amunition therefor, or,

being the owner or having charge or control thereof, knowingly permit it to be used by a minor under such age.

"Whoever violates this section shall be fined not more than one hundred dollars or imprisoned not more than thirty days, or both. * * *"

It is the settled law of this state that where a legislative enactment imposes upon a person a specific duty for the protection of others, his failure to observe that duty constitutes negligence per se. *Schell* v. *DuBois*, 94 Ohio St. 93, 113 N. E. 664, L. R. A. 1917A 710, and *Eisenhuth* v. *Moneyhon*, 161 Ohio St. 367, 119 N. E. 2d 440, and the cases cited therein.

In our opinion, Section 2903.06, Revised Code, comes within the above definition, and defendant was chargeable with negligence per se in permitting her son Mark to have and use the air gun involved. See 68 A. L. R. 2d, annotation, at page 800.

The trial court in special charges and in the general charge instructed the jury on the subjects of "negligence," "proximate cause" and "foreseeability," and those charges were substantially correct.

Next comes the question of whether the evidence was of such a nature from a legal standpoint as to warrant the verdict and judgment against defendant in the trial court. We think it was.

A rule of general acceptance is that, where the original negligence of the defendant is followed by the independent act of a third person which directly results in injurious consequences to plaintiff, defendant's earlier negligence may be found to be a proximate cause of those injurious consequences, if, according to human experience and in the natural and ordinary course of events, defendant could reasonably have foreseen that the intervening act was likely to happen. *Pudlo* v. *Dubiel*, 273 Mass. 172, 173 N. E. 536.

Or, stating the proposition a little differently, the connection between the defendant's negligence as a proximate cause of an injury is not broken, if an intervening event is one which might in the natural and ordinary course of things be anticipated as reasonably probable, and the defendant's negligence remains an important link in the chain of causation. *Neff Lumber Co.* v. *First National Bank of St. Clairsville*, 122 Ohio St. 302,

171 N. E. 327, citing *Mouse* v. *Central Savings & Trust Co.*, 120 Ohio St. 599, 167 N. E. 868.

It is a matter of common knowledge that the placing of an air gun in the hands of a youngster without direct supervision is fraught with danger. By so doing, a reasonable probability exists that a situation could develop of the kind shown in this case. By allowing Mark to have the gun defendant laid herself open to the consequences of that unlawful act. Where two or more persons of immature years and judgment congregate with an air gun available, there exists the opportunity and often the impulse to use the gun carelessly and recklessly with the result that injury ensues. News accounts of such happenings are not uncommon.

There may be more than one proximate cause of an injury. Here, defendant's violation of the statute and the irresponsible conduct of Mark's schoolmate combined as proximate causes to bring about Henry's misfortune. We think the evidence is of such a character as to proximate cause and reasonable foreseeability by the defendant that under the instructions of the court the jury was within its prerogatives in returning the verdicts it did.

Additional support for our conclusion may be found in *Poe* v. *Canton-Mansfield Dry Goods Co.*, 36 Ohio App 395, 173 N. E. 318; *Kuhns* v. *Brugger*, 390 Pa. 331, 135 A. 2d 395, 68 A. L. R. 2d 761, and the cases cited and comments made in the annotation which follows; *Whalen* v. *Bennett*, 4 Mich. App. 81, 143 N. W. 2d 797; 2 Restatement of the Law of Torts 2d, Section 447, page 478. Compare *Williams* v. *Davidson*, 241 Ark. 699, 409 S. W. 2d 311.

For a general discussion of "proximate cause" and "foreseeability," see *Mudrich* v. *Standard Oil Co.*, 153 Ohio St. 31, 90 N. E. 2d 859.

The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.

*Judgment reversed.*

Taft, C. J., Matthias, O'Neill, Herbert, Schneider and Brown, JJ., concur.