OHIO FAIR PLAN UNDERWRITING ASSN., APPELLANT, *v.*
ARCARA ET AL., APPELLEES.

[Cite as Ohio Fair Plan v. Arcara (1979),
65 Ohio App. 2d 169.]

(No. 38685—Decided July 26, 1979.)

*Mr. Harold H. Reader,* for appellant.
*Mr. Eugene Bleiweiss,* for appellees.

KRENZLER, P. J.   On August 5, 1976, plaintiff-appellant,
Ohio Fair Plan Underwriting Association (an insurance com-
pany), hereinafter referred to as appellant, commenced this
action by filing a complaint in the Cuyahoga County Common

Pleas Court against defendant-appellee Joseph Arcara, hereinafter referred to as appellee. Appellant's complaint was subsequently amended to add as a new party defendant-appellee Anthony Arcara, hereinafter also referred to as appellee.

Appellant's complaint is in two counts: the first count is in negligence and the second count is in nuisance. Appellant alleged in the first count of its amended complaint that appellees owned a dwelling at 3835 Community College Avenue in Cleveland which was vacant and unoccupied; that appellees negligently permitted the dwelling to be left unsecured and failed to protect the dwelling from access by vagrants and other potentially dangerous persons; that on October 23, 1975, an unknown person or persons entered the unsecured dwelling and set fire to the same, which fire spread to the adjacent dwelling owned by L. P. Jones, resulting in loss and damage thereto of at least $12,000; and that appellant paid the sum of $12,000 to Jones and was assigned and became subrogated to the rights and claims for relief of Jones to the full extent of such payment. In the second count appellant further alleged that in failing to protect and guard their dwelling from access by vagrants and other potentially dangerous persons, appellees created and maintained a nuisance and a fire hazard. Appellant prayed for damages in the sum of $12,000 plus costs.

Appellees filed separate answers in which they admitted ownership of the property at 3835 Community College Avenue located adjacent to a dwelling controlled by Jones, and that their property had been vacant for a period of time prior to the fire. Appellees denied that they had either been negligent or maintained a nuisance, and in effect denied that any negligence of theirs was the proximate cause of damage to Jones and thus to appellant.

In response to requests for admission propounded by appellant, appellees admitted the following facts: that Jones owned the dwelling and real property adjacent to theirs on Community College Avenue; that appellant had reimbursed Jones and was subrogated to his rights as alleged in the complaint; that the fire was set by a person or persons unknown; and that a repair estimate exceeding $12,000 had been submitted for repair of damages sustained at Jones' dwelling. Ap-

pellees further admitted that they received a notice of numerous violations of the Housing Code of the city of Cleveland[1] at their dwelling, issued by the city on March 14, 1975.

The case was tried before a jury on October 17 and 18, 1977. The appellant presented its case, and established the following: that appellees' dwelling was vacant and vandalized; that appellee Anthony Arcara conceded that no repairs were made to the dwelling; that a captain of the fire department testified that the appellees' building was open at the time of the fire; and that another fire had occurred five to six months before the present fire. The appellant's evidence established that on March 14, 1975, appellees were issued a notice of violation of housing ordinances by the city of Cleveland. This notice stated that:

"Due to the violations set out below this structure is injurious to the public health and safety and constitutes a public nuisance. This structure shall be demolished and all debris removed from the premises or the violations set out below shall be corrected."

The notice then listed 19 violations of the Housing Code of the city of Cleveland. Included among these violations were that deficiencies existed in the sanitary facilities, the heating facilities, and the electrical wiring; that the window panes were broken and missing; that repair was needed in the exterior and interior foundation, the exterior and interior walls, the window frames, and front porch; and that the exterior doors to the dwelling were broken and had been removed from the premises.[2] The notice stated that all violations shall be corrected by April 14, 1975, and further stated that a right of appeal is provided. However, a permit was never obtained, the repairs were not made, the appellees would not sign a release for demolition, no appeal was taken, and the building was not demolished. In addition, pictures, admitted into evidence, showed the appellees' dwelling in a state of disrepair, with no

[1] The Building Code and the Housing Code of the city of Cleveland are contained in Parts 5 and 6 respectively of the 1951 Codified Ordinances of the city of Cleveland. The Housing Code is included within the reference to the Building Code. See Ordinance No. 6.0101.

[2] Ordinance Nos. 6.0506, 6.0507, 6.0509, 6.1010, 6.0512, 6.0513, 6.0514, 6.0515, 6.0516, 6.0521, 6.0710, and 6.1304.

glass in the windows, no doors, and a condemnation notice on the house. The Assistant Commissioner of Housing testified that the appellees' dwelling was demolished at the city's cost on December 18, 1975, approximately two months after this fire.

The appellees then presented testimony that two of their tenants, who lived in adjoining property, boarded up the windows and secured the doors of the property located at 3835 Community College Avenue. However, on cross-examination, one of the tenants stated that he boarded up the windows with thin pieces of wood that could probably be pulled off by hand. Both tenants testified that the building was vacant and had been vandalized several times and that reboarding was needed continually. It was also established that the dwelling was in a deteriorated area. Appellee Anthony Arcara testified and conceded that he received the notice of Housing Code violations; that he told the Commissioner of Housing that the building could be torn down, but not at his expense; that he did not apply for a building permit; that he did not make repairs because he could not get a renter; and that two of his tenants took care of boarding up the windows and doors.

At the close of appellant's evidence, appellees moved for a directed verdict on the basis that their negligence in maintaining their dwelling was not the proximate cause of the damage to appellant. The motion was overruled, but was renewed at the close of all the evidence, at which time it was granted by the court. The trial court stated that assuming there was negligence on the part of the appellees in leaving the dwelling in a dilapidated condition, this negligence was not the proximate cause of the damage to the adjoining property belonging to Jones. The trial court ruled that there had been a sufficient intervening cause without which there could have been no damage to Jones' property. The trial court concluded by stating:

"***The damage from the fire here had to be the result, based upon the evidence in this case, of an efficient, intervening cause. The mere presence of the dilapidated house, itself, could not, in a continuous sequence without an intervening sufficient cause, cause the damage to the adjoining property.

"So here there isn't any question about it. There was an efficient intervening cause, and the intervening cause was ar-

son. It was perpetrated by someone on October 23, 1975, without which there would not have been any damage to the adjoining property. The property sat there for 75 years, and just the house being dilapidated and sitting there as we talked about here, could not have been a proximate cause of the damage to the adjoining property without the intervening force, and the evidence here is conclusive that arson was perpetrated and the fire in the house of the defendant in this case did spread to the plaintiff's property, but this was a sufficient intervening cause, and without which there could have been no damage to the plaintiff's property.***"

The trial court did not address itself to the questions of whether the fire was foreseeable or unforeseeable, nor did it characterize the intervening event of arson as a superseding intervening cause. However, the effect of the trial court's ruling was that the fire was not foreseeable and was a superseding intervening cause and thus, appellees' negligence was not the proximate cause of the damage to appellant as a matter of law. The trial court stated that there was nothing for the jury to decide and judgment was entered dismissing the action and filed with the clerk of courts on October 24, 1977.

Appellant has filed a timely appeal with this court presenting the following assignments of error for our consideration:

"I. The trial court erred in granting defendant-appellees' motion to dismiss at the conclusion of the evidence.

"II. The judgment is not sustained by the evidence and is contrary to law."

Appellant's two assignments of error will be treated together since they both raise the issue of whether the appellees' negligence may be said to be the proximate cause of the·damage to appellant and whether this was a fact question to be submitted to the jury.

Plaintiff has the burden of proof by a preponderance of the evidence on the issues of negligence, proximate cause and the injury or damage sustained.

A person who owns a home must use ordinary care in its maintenance and also has a responsibility and a duty to maintain it in conformity with the housing code of the municipality in which it is located. If a person receives a notice of numerous housing code violations together with a notice to correct the

violations or demolish the property, he has four alternatives: (1) take an appeal from the notice; (2) make the necessary repairs to bring his property in conformity with the housing code; (3) effectively board up and secure his property to protect it from vandals; or (4) demolish his property.

In the absence of the property owner taking any of the foregoing actions to cure the alleged defects, he takes the risk of being held liable for any damage if his conduct in the maintenance of his property will be considered negligent, and his negligence is the proximate cause of the damage.

The trial court did not expressly state that the appellees were negligent as a matter of law, but did state that even if the appellees were negligent, this negligence was not the proximate cause of the damage to appellant. Thus, the trial court decided the case only on the basis of proximate cause.

As to the issue of appellees' negligence, we have reviewed the transcript of testimony and the exhibits. Based on the undisputed facts that the house at 3835 Community College Avenue was in a deteriorating neighborhood, that the house was vacant and vandalized, that the windows were broken, that there were no doors, that there were 19 housing code violations, that no repairs were made to have the premises comply with the housing code, and that the house was not effectively secured and boarded up to prevent vandals or arsonists from entering, the appellees did not use ordinary care in maintaining this property and thus were negligent as a matter of law.

Having determined that the appellees were negligent as a matter of law, it is then necessary to determine whether this negligence was the proximate cause of the damage to appellant. It is undisputed that unknown third persons set fire to the property at 3835 Community College Avenue, and that this fire spread to Jones' property causing damage in excess of $12,000. The question then for determination is whether the act of arson and resulting damage were foreseeable or unforeseeable. If the act of arson and resulting damage were in fact foreseeable, then the appellees' negligence was the proximate cause of the damage to Jones' property and thus to appellant.

Proximate cause has been defined as " 'that cause without which the accident would not have happened.' " *O'Neil* v. *See*

*Bee Club* (1954), 69 Ohio Law Abs. 442, 444. However, the fact that an intervening act occurred between a defendant's original negligence and the resulting damage to a plaintiff does not automatically relieve the defendant of liability. See, *e.g., Taylor* v. *Webster* (1967), 12 Ohio St. 2d 53; *Mudrich* v. *Standard Oil Co.* (1950), 153 Ohio St. 31. The Ohio Supreme Court, in *Taylor* v. *Webster, supra,* at pages 56 to 57, stated the general rule as follows:

"A rule of general acceptance is that, where the original negligence of the defendant is followed by the independent act of a third person which directly results in injurious consequences to plaintiff, defendant's earlier negligence may be found to be a proximate cause of those injurious consequences, if, according to human experience and in the natural and ordinary course of events, defendant could reasonably have foreseen that the intervening act was likely to happen. *Pudlo* v. *Dubiel,* 273 Mass. 172, 173 N. E. 536.

"Or, stating the proposition a little differently, the connection between the defendant's negligence as a proximate cause of an injury is not broken, if an intervening event is one which might in the natural and ordinary course of things be anticipated as reasonably probable, and the defendant's negligence remains an important link in the chain of causation. *Neff Lumber Co.* v. *First National Bank of St. Clairsville,* 122 Ohio St. 302, 171 N. E. 327, citing *Mouse* v. *Central Savings & Trust Co.,* 120 Ohio St. 599, 167 N. E. 868."

Thus, where there is an intervening act between the original negligence of a defendant and the ultimate injury to a plaintiff, the defendant's earlier negligence can be a proximate cause of the injurious consequences if, in light of all the circumstances, the defendant could reasonably have foreseen that the intervening act and resulting damage were likely to occur. In other words, the question is whether the intervening cause and resulting damage were reasonably foreseeable by the one who was guilty of negligence.

It must also be pointed out that it is not necessary that the defendant should have anticipated the particular injury. The Ohio Supreme Court stated this rule as follows:

"Whether an intervening act breaks the causal connection between negligence and injury depends upon whether that intervening cause was reasonably foreseeable by the one who

was guilty of the negligence. If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone. *Neff Lumber Co.* v. *First National Bank of St. Clairsville, Admr.,* 122 Ohio St., 302, 309, 171 N. E., 327." *Mudrich* v. *Standard Oil Co., supra,* at page 39. See, also, *Di Gildo* v. *Caponi* (1969), 18 Ohio St. 2d 125; *Springsteel* v. *Jones & Laughlin Steel Corp.* (1963), 2 Ohio App. 2d 353.

In this case there are two issues for determination: whether the appellees' maintenance of their dwelling constituted negligence, and if so, whether that negligence was the proximate cause of the damage to appellant. Having decided as a matter of law that negligence existed on the part of appellees, then in order for appellees to be held liable there must have been a reasonable probability that arson would be committed and damage result. Factors to be taken into consideration include the fact that the building was in a deteriorating neighborhood, that the building was vacant and vandalized, that one previous fire had occurred, and that the dwelling was considered a public nuisance by the city of Cleveland in that there were numerous violations of the Housing Code. Thus, the arson and damage must be characterized either as a reasonably probable event in light of the circumstances or as an unforeseeable event. In any case where there is a question upon which reasonable minds might differ as to the foreseeability of a particular risk or the character of an intervening cause, the question is one for submission to the jury under proper instructions as to proximate cause. See *Mudrich* v. *Standard Oil Co., supra.* If there was *not* a reasonable probability that arson and damage would occur, then appellees are relieved of liability because appellees would not be liable for the results of unforeseeable acts. Appellees would be liable if the intervening cause and damage were foreseeable; that is, that it was an act which was reasonably to be anticipated.

We do not agree with the trial court's conclusion that appellees' negligence was not the proximate cause of the damage as a matter of law. There was sufficient evidence for the jury

to determine whether, under all the facts and circumstances in the case, the arson and the resulting damage were reasonably foreseeable, and therefore appellees' negligence was the proximate cause of the damage to appellant. Based on the foregoing, the appellant's two assignments of error are well taken.

In deciding this case we are not holding that every time a fire occurs in a building and causes damage to adjoining property that the owner of the burned building is liable for such damage. We are only holding that when a person negligently maintains his property and his negligence is the proximate cause of damage to adjoining property, he is liable for such damage. Whether a person is negligent in maintaining his property and whether his negligence is the proximate cause of damage depends on the facts and circumstances of the case and will be decided on a case-by-case basis.

In the present case we are only holding that the appellees' conduct in the maintenance of their property was negligent; the issue of whether such negligence was the proximate cause of the damage to Jones' property is one for jury determination.

The judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PATTON and CORRIGAN, JJ., concur.