POTOSKY *v.* FEJES ET AL.

ARCHECKI *v.* FEJES ET AL.

(Nos. 77774 and 89759 — Decided February 6, 1986.)

Court of Common Pleas of Cuyahoga County.

*Clark B. Weaver,* for plaintiff Potosky.

*Marshall I. Nurenberg,* for plaintiff Archecki.

*Tom McDonald,* for defendant Fejes.

*Stanley S. Keller,* for defendant Erie Insurance Group.

*W. Scott Derkin,* for defendant Nationwide Mut. Fire Ins. Co.

O'DONNELL, J. While both cases, Nos. 77774 and 89759, have been consolidated for trial in a single action, the matters now before the court concern two motions filed only in No. 89759. In that case, plaintiff Brian Archecki has filed a supplemental complaint seeking declaratory judgment regarding certain insurance-coverage issues and defendant Nationwide Mutual Fire Insurance Company ("Nationwide") has filed a motion for summary judgment against co-defendant Erie Insurance Exchange Company ("Erie").

The facts which precipitated these cases are generally not disputed. On April 7, 1983, Blanche Fejes allowed her son, Steven, a licensed motor vehicle operator, to drink alcoholic beverages in her home and thereafter to operate her automobile while he was under the influence of alcohol. An accident occurred which resulted in the death of Steven Fejes and serious injury to his two passengers, Paul Potosky and Brian Archecki. Steven Fejes was an insured of the Farmers Insurance Group, which has offered to divide its $21,415.56 liability limits between the Archecki and Potosky claims. Because he alleges this sum is insufficient to cover his loss, Archecki has pursued underinsurance coverage which would be available through his parents from Erie, if primary coverage on the Fejes vehicle and other available insurance is insufficient to satisfy his claim.

Erie has denied that its underinsurance coverage is available in this case, because Blanche Fejes is an insured under a homeowners policy issued by Nationwide with policy limits of $100,000 and Erie believes the homeowners limits must first be exhausted before the underinsurance applies. Specifically, the language in the Erie policy states in relevant part:

"With respect to underinsured motor vehicles, we will not be obligated to make any payment until the limits of liability under all bodily injury or property damage liability bonds and insurance policies applicable at the time of the accident, including other than motor vehicle insurance, have been exhausted by payment of settlements on judgments."

Erie urges that the claim against Blanche Fejes is one for a personal act — negligent entrustment of her vehicle to her son — and maintains that personal acts are specifically covered under the Nationwide policy.

Nationwide has moved for summary judgment against Erie urging that the policy language excludes claims arising out of the use of a motor vehicle and that negligent entrustment consists of more than just the personal act of an insured.

The issue then presented for resolution, as a case of first impression in Ohio, is whether or not coverage is provided under a homeowners policy of insurance for negligent entrustment of a motor vehicle to an unqualified operator.

The Restatement of the Law 2d, Torts (1965) 314, Section 390, states:

"One who supplies directly or through a third person a chattel for the *use* of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to *use* it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm *resulting* to them." (Emphasis added.)

Further, in *Gulla* v. *Straus* (1950), 154 Ohio St. 193 [42 O.O. 261], paragraph three of the syllabus states:

"The owner of a motor vehicle may be held liable for an injury to a third person upon the ground of negligence if the owner knowingly, either through actual knowledge or through knowledge implied from known facts and circumstances, entrusts its operation to an inexperienced or incompetent operator whose negligent operation results in the injury."

It is therefore the opinion of the court that the doctrine of negligent entrustment contemplates two distinct acts: the first being the act of knowingly entrusting operation of a motor vehicle to an inexperienced or incompetent operator and the second being negligent use of that vehicle by the bailee.

This conclusion is compelled by the fact that there would be no case if Mrs. Fejes merely entrusted her vehicle to her son. It was her entrusting the vehicle to him coupled with his negligent use of it which establishes this cause of action. To argue that negligent entrustment is only the negligent personal act of a bailor is to ignore the fact that the bailee negligently operated the vehicle.

In further support of its summary judgment motion, Nationwide refers to its policy exclusion in Paragraph 1e of Part II which states in relevant part:

"Section II of this Policy does not apply:

"1. Under A (Bodily Injury and Property Damage) * * * to

"* * *

"e. the ownership maintenance, operation or use * * * of land motor vehicles * * *."

This quoted language is unambiguous and precludes coverage where a claim involves use of a motor vehicle. Hence, construing the language cited from both the Erie and Nationwide policies, the court now concludes that the Nationwide homeowners policy is not a policy, "applicable at the time of the accident," despite the fact that it is "other than motor vehicle insurance," because, by its own terms, the Nationwide policy does not apply to "operation or use * * * of * * * motor vehicles," and the court has previously decided that negligent entrustment involves use or operation of a motor vehicle.

Civ. R. 56 states in relevant part that summary judgment shall be rendered forthwith if there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law.

In this case, the court concludes that the facts are not in dispute and based on the language of the policies in question coupled with this court's interpretation of the doctrine of negligent entrustment, Nationwide is entitled to judgment as a matter of law.

Further, the court enters judgment for Archecki declaring that he is an insured under the underinsured motorist provision of the Erie policy and that said coverage is available to him, and also declaring that coverage under the Nationwide policy is not available to him.

*Judgment accordingly.*