599 A.2d 360 (1991)
COOPERATIVE FIRE INSURANCE ASSOCIATION OF VERMONT
v.
Victor GRAY, Laurie Gray and Bonnie Gray
v.
AMERICAN PROTECTION INSURANCE COMPANY.
No. 89-463.
Supreme Court of Vermont.
September 27, 1991.
Charity A. Downs of Conley & Foote, Middlebury, for plaintiff-appellee.
David A. Williams of Williams and Green, Morrisville, for defendants-appellees.
James W. Coffrin of Pierson, Wadhams, Quinn & Yates, Burlington, for defendant-appellant.
*361 Before ALLEN, C.J., and GIBSON, DOOLEY, MORSE and JOHNSON, JJ.
JOHNSON, Justice.
This case requires us to decide whether either of two insurance policies, a homeowner's policy and an automobile policy, provides liability coverage for negligent entrustment of an automobile and negligent supervision of a minor. The action before the Court is one for a declaratory judgment brought by the issuer of the homeowner's policy against its insureds and a third-party complaint filed by the insureds against their automobile insurer.
On May 4, 1988, Victor Gray, son of defendants Laurie and Bonnie Gray, was involved in a single car accident causing injuries to two passengers, Lisa and David Sanders. The Sanders filed suit in Lamoille Superior Court alleging negligence against Victor Gray and, against Laurie and Bonnie Gray, negligent entrustment and negligent supervision in allowing their son to own and operate an automobile.
At the time of the accident, Laurie and Bonnie Gray were named insureds on the homeowner's insurance policy issued by plaintiff Cooperative Fire Insurance Association of Vermont (Cooperative). Victor Gray, as their resident minor son, was also covered under that policy. The Grays requested Cooperative to defend them in the case filed by the Sanders. Cooperative filed this declaratory judgment action seeking relief from liability and from the obligation to defend. The court granted summary judgment in Cooperative's favor, and the Grays appeal that ruling.
Laurie Gray was the owner of the automobile policy issued by American Protection Insurance Company (American). Victor's car was not listed on the policy, and was insured under a separate policy. The Grays filed a third-party complaint requesting a declaratory judgment that American was required to defend and cover them in the action by the Sanders. American moved for summary judgment, claiming that the automobile policy excluded coverage in this case. The motion was denied, and American appeals that ruling.
We affirm the trial court's ruling as to Cooperative and reverse and remand as to American.

I.
We first address the Grays' contention that the trial court should have required Cooperative to defend them under the provisions of their homeowner's insurance policy.
We note at the outset that the duty of Cooperative and American to defend the Grays under the relevant policies "`is measured by the allegations upon which the claim is stated.'" Commercial Union Insurance Co. v. City of Montpelier, 134 Vt. 184, 185, 353 A.2d 344, 345 (1976) (quoting Commercial Ins. Co. v. Papandrea, 121 Vt. 386, 390, 159 A.2d 333, 335 (1960)). The complaint against the Grays alleges the facts of the accident; it also alleges the involvement of the parents in the purchase of their son's car, their failure to inspect it, their assistance in registering it, and their assent to the issuance of a driver's license to their son, who was under eighteen years of age. Although the claims of law are phrased in various terms, their substance is that the injuries arose as a result of the parents' negligent failure to supervise their son by permitting him to own and operate a motor vehicle, and their negligent entrustment to him of a motor vehicle.[1]
The Cooperative policy includes the following exclusion:
This policy does not apply to liability which results directly or indirectly from:
. . . .
3. the ownership, operation, maintenance, use, occupancy, renting, loaning, entrusting, supervision, loading or unloading *362 by an insured of motorized vehicles....
(Emphasis added.) On its face, the policy excludes liability for a comprehensive list of activities by an insured in connection with a motor vehicle. The only claims made against the Grays were for injuries arising out of the automobile accident. As noted above, Victor, the operator of the motor vehicle, was an insured under this policy. Therefore, coverage for liability arising directly or indirectly from his operation of an automobile is expressly excluded. Also expressly excluded is liability that results directly or indirectly from entrustment or supervision of a motor vehicle by any insured, which includes Laurie and Bonnie Gray.[2]
In an effort to avoid the effect and plain meaning of the exclusion, the Grays advanced the theory that a cause of action predicated on negligent entrustment or negligent supervision is separate and distinct from the underlying tort of the entrustee or supervisee, and thus outside an exclusion for the "operation, maintenance and use" of an automobile. The cases cited by the Grays are inapposite.[3] The language of the Cooperative exclusion is not limited to liability arising from "operation, maintenance and use" of an automobile. Unlike language interpreted in cases cited by the Grays, it explicitly excludes coverage for liability arising from the entrustment or supervision of an automobile. Insurance contracts must be interpreted according to their terms and the evident intent of the parties, as gathered from the contract language. Sanders v. St. Paul Mercury Ins. Co., 148 Vt. 496, 500, 536 A.2d 914, 916 (1987). Cooperative was not obligated to defend the Grays, and summary judgment in its favor was appropriate.

II.
American contends that the trial court erred in obligating it to defend the negligent entrustment and supervision action against the Grays. The covered vehicles under the American automobile policy were a 1985 Plymouth Voyager and a 1986 Subaru GL 10, but not Victor's Pontiac Firebird, which was insured under another policy. The named insured on the American policy was Laurie Gray.
The insurance policy covered "damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident." The policy contained, however, the following exclusion and exception:
We do not provide Liability Coverage for the ownership, maintenance or use of:
. . .
3. Any vehicle, other than your covered auto, which is:
a. owned by a family member; or
b. furnished for the regular use of any family member.
This exclusion does not apply to your maintenance or use of any vehicle which is:
a. owned by a family member; or
b. furnished for the regular use of a family member.
(Emphasis added.) The reference to "your" in the exclusion refers to the named *363 insured and spouse, if a resident of the same household. Thus, the policy excluded coverage for family cars not specifically listed in the policy, unless liability arose from the insureds' own maintenance or use of such cars. The car involved in the accident was Victor's automobile, an unlisted vehicle owned by a family member and therefore excluded from coverage. The Sanders did not allege that their injuries arose from maintenance or use of Victor's car by Laurie or Bonnie Gray. Accordingly, the exception to the exclusion does not apply.
The Grays rely on decisions from other jurisdictions holding that liability for negligent entrustment of an automobile arises out of the "ownership, maintenance, or use of an automobile," and is therefore outside the coverage of certain homeowner's policies. Pedersen v. Republic Ins. Co., 72 Md.App. 661, 666, 532 A.2d 183, 186 (1987) (homeowner's policy excluded negligent entrustment); Fillmore v. Iowa National Mutual Ins. Co., 344 N.W.2d 875, 878 (Minn.Ct.App.1984) (homeowner's policy excluded negligent entrustment); Potosky v. Fejes, 23 Ohio Misc.2d 45, 47, 492 N.E.2d 494, 496 (C.P. Cuyahoga County 1986) (homeowner's policy excluded negligent entrustment). The trial court relied on these cases in granting summary judgment in favor of the Grays. This argument, however, ignores the plain language of the exclusion and exception, cited above, which limits coverage to certain instrumentalities (the cars listed on the policy) and certain persons (the insured and his spouse). This limitation on instrumentalities and persons operates to exclude coverage for an accident involving an unlisted vehicle owned by a family member, or furnished for his or her regular use, and not maintained or used by an insured.
The judgment in favor of Cooperative Fire Insurance Association of Vermont is affirmed; the court's order denying American Protection Insurance Company's motion for summary judgment is reversed.
DOOLEY, Justice, concurring.
Reluctantly, I concur. As Justice Johnson persuasively shows, the exclusions from both the homeowner's policy and the automobile liability policy prevent us from finding coverage under either policy. I find this result to be unjust. Despite two policies, the insureds face the cost of a defense and personal damage liability in a suit arising out of an automobile accident in a state where the Legislature has required comprehensive automobile liability insurance. Although the record is not sufficiently complete to draw a firm conclusion, in large part because the Grays have not raised the issue, there is a serious question whether the result comports with the statutory insurance requirements and minimum standards of public policy.
I emphasize at the outset that I have no difficulty with the homeowner policy exclusion. Even with respect to policy language less explicit than that present here, the majority of courts have held that homeowner's insurance does not cover actions involving negligent entrustment of an automobile. See generally Leitner, Negligent Entrustment of a Motor Vehicle and the Homeowner's Policy, 35 Fed.Ins.Couns.J. 335, 350 (1985). It is fair for homeowner's carriers to leave risks associated with automobiles to automobile insurance and to exclude all coverage in that area.
Although we have decided the question of American's coverage based on the language of the specific exclusion for noncovered autos, American's primary argument below was that negligent entrustment or supervision actions are not covered by the basic insuring agreement because they do not arise out of the "ownership, maintenance or use" of the auto involved in the accident. I agree with the United States Court of Appeals for the District of Columbia Circuit that this argument involves a "crabbed reading of the policy." Rubins Contractors, Inc. v. Lumbermens Mutual Ins. Co., 821 F.2d 671, 675 (D.C.Cir.1987). I would hold that basic coverage extends to a negligent entrustment or supervision action were it not excluded by the language *364 of the nonowned auto provision in this instance.
This holding would be important because of the language of at least one of our insurance statutes. Since 1986, Vermont has been a compulsory insurance state requiring owners and operators to have in effect an automobile liability insurance policy in specified amounts for damages "in any one accident." 23 V.S.A. § 800(a). The Legislature has provided that:
(b) Every policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle shall provide insurance against loss resulting from the liability imposed by law for damages because of bodily injury or death of any person within this state....
23 V.S.A. § 941(b). That section applies because American's policy insures against liability arising out of the "ownership, maintenance or use" of the auto in this accident although not with respect to the claim being made. The question is whether coverage can be excluded, as it was here, in view of the Legislature's broad policy that compensation should be available to victims of motor vehicle accidents from those legally responsible for their injuries at least up to the statutory liability amounts.
We have not had an opportunity to consider whether the advent of compulsory insurance in Vermont affects the ability of carriers to include particular exclusions in automobile liability policies. A number of courts have found particular exclusions to be so inconsistent with compulsory insurance laws that they have invalidated them on public policy grounds. See, e.g., Cotton States Mutual Ins. Co. v. Neese, 254 Ga. 335, 341, 329 S.E.2d 136, 141 (1985) (exclusion for accident occurring while insured is "attempting to avoid apprehension or arrest"); Jennings v. Government Employees Ins. Co., 302 Md. 352, 362, 488 A.2d 166, 171 (1985) (household member exclusion); Mutual of Enumclaw Ins. Co. v. Wiscomb, 97 Wash.2d 203, 213, 643 P.2d 441, 446 (1982) (same).
I recognize that the plaintiffs in the underlying case are likely to have some access to insurance because the car driven by Victor Gray was insured under another policy. The availability of alternative insurance may be a factor bearing on the validity of this exclusion although it is little comfort to the Grays who face personal liability, and the cost of a defense, without insurance. I also recognize that American has argued that the Grays could have obtained coverage for the accident by including Victor Gray's car as a covered auto. I have some question whether Laurie and Bonnie Gray could simply add the son's vehicle since coverage relates to "your covered auto" (emphasis supplied). In any event, this is an incomplete answer applicable in only some negligent entrustment cases and presumably requiring payment of a full premium for coverage limited only to negligent entrustment or supervision cases. All of this bears exploration in a proper case before we conclude that insureds in this state face automobile negligence liability with no realistic or appropriate ability to insure against the risk.
NOTES
[1] The Grays argue that the Sanders allege negligent parenting as distinct from negligent supervision. Liability in tort depends, however, on the breach of a duty. In appropriate circumstances parents have a duty to control, or supervise, their children. Restatement (Second) of Torts § 316 (1965). The essence of the Sanders claim is that the Grays breached that duty.
[2] The Grays attempt to distinguish supervision of an automobile from supervision of a person with respect to an automobile. At best, they contend the language is ambiguous and should be construed against the drafter, Cooperative. "A provision in a contract is ambiguous `only to the extent that reasonable people could differ as to its interpretation.'" Agway, Inc. v. Marotti, 149 Vt. 191, 194, 540 A.2d 1044, 1046 (1988) (quoting Trustees of Net Realty Holding Trust v. AVCO Financial Services of Barre, Inc., 144 Vt. 243, 248, 476 A.2d 530, 533 (1984)). Since supervision of an automobile is nonsensical, the contested language could only have been intended to exclude liability arising from supervision of a person in connection with an automobile; there is no ambiguity.
[3] See Cone v. Nationwide Mutual Fire Insurance Co., 75 N.Y.2d 747, 750, 551 N.E.2d 92, 94, 551 N.Y.S.2d 891, 893 (1989) (interpreting the phrase "ownership, maintenance and use"); All-state Ins. Co. v. Reliance Ins. Co., 85 Misc.2d 734, 738, 380 N.Y.S.2d 923, 926 (Sup.Ct.1976) (interpreting the phrase "ownership, maintenance, operation, [or] use"); cf. Standard Mutual Ins. Co. v. Bailey, 868 F.2d 893, 897 (7th Cir.1989) (negligent entrustment of automobile excluded from homeowner's policy; similar decisions cited from twenty-eight jurisdictions).