**BYERS, Appellant,**

v.

**HUBBARD et al., Appellees.**

[Cite as *Byers v. Hubbard* (1995), 107 Ohio App.3d 677.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68716.

Decided Dec. 11, 1995.

*Sindell, Lowe & Guidubaldi* and *Daniel M. Sucher,* for appellant.

*Fillo & Siskovic* and *Carole N. Siskovic,* for appellees.

SPELLACY, Presiding Judge.

Plaintiff-appellant Kimberly Byers ("appellant") appeals the grant of summary judgment for defendant-appellee Richard Hubbard. Appellant had brought a claim against Hubbard for negligent entrustment of a firearm.

Appellant assigns the following errors for review:

"I. The trial court erred to the prejudice of plaintiff-appellant in granting defendant-appellee Richard Hubbard's motion for summary judgment in that genuine issues of material fact existed concerning whether defendant-appellee Richard Hubbard was negligent in his ownership, maintenance, storage and entrustment of the firearm which was used by defendant Deborah Hubbard when she shot plaintiff-appellant Kimberly Byers.

"II. The trial court erred to the prejudice of plaintiff-appellant in granting defendant-appellee Richard Hubbard's motion for summary judgment in holding that in order for defendant Richard Hubbard to negligently entrust the subject firearm, defendant Deborah Hubbard must have acted negligently.

"III. The trial court erred to the prejudice of plaintiff-appellant in granting defendant-appellee Richard Hubbard's motion for summary judgment in that genuine issues of material fact existed concerning whether Richard Hubbard owed a duty to plaintiff-appellant Kimberly Byers.

"IV. The trial court erred to the prejudice of plaintiff-appellant in granting defendant-appellee Richard Hubbard's motion for summary judgment in that facts existed concerning whether it was foreseeable that Deborah Hubbard would commit an intentional/criminal act with defendant-appellee Richard Hubbard's gun and whether that act was a superseding cause."

Finding the appeal to have merit, we reverse the judgment of the trial court.

## I

Appellant filed a complaint seeking recovery for injuries she received when shot by Deborah Hubbard on July 6, 1988. Named as defendants were Deborah and her husband, Richard. Appellant averred Richard was negligent in entrusting his firearm to Deborah.

Deborah pled guilty to felonious assault and currently is incarcerated. In her deposition, Deborah stated she and Richard were separated at the time of the shooting. Deborah was staying in motels and not in the house with her husband. The day before the shooting, Deborah visited Richard and told him of a verbal altercation between herself and appellant. Richard gave her permission to take his gun from its case. Richard told Deborah to watch herself because of the argument. Deborah placed the gun in her purse. She used the gun the next day to shoot appellant. The gun in question, a .357 Magnum, was reported to the police as missing by Richard on May 3, 1988.

Richard filed a motion for summary judgment. That motion was granted by the trial court. Appellant later dismissed her claim against Deborah with prejudice. Appellant appeals from the grant of summary judgment for Richard.

## II

Appellant's assignments of error will be addressed together as similar issues of law are involved and appellant has failed to argue the assignments of error separately.

This case was disposed of by summary judgment. Civ.R. 56(C) provides that summary judgment is proper if the trial court determines that:

"(1) No genuine issue as to any material fact remains to be litigated;

"(2) the moving party is entitled to judgment as a matter of law; and

"(3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

Summary judgment is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615. Summary judgment is not appropriate where the facts are subject to reasonable dispute when viewed in a light favorable to the nonmoving party. *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 104, 19 OBR 261, 264–265, 483 N.E.2d 150, 154. It should be awarded with caution only after doubts are resolved and evidence construed in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 604 N.E.2d 138. The nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

 Appellant argues that the elements of negligent entrustment of a firearm are essentially the same as those for negligent entrustment of a vehicle. That law was set forth in *Potosky v. Fejes* (1986), 23 Ohio Misc.2d 45, 47, 23 OBR 440, 441, 492 N.E.2d 494, 496, in which the court held:

"It is therefore the opinion of the court that the doctrine of negligent entrustment contemplates two distinct acts: the first being the act of knowingly entrusting operation of a motor vehicle to an inexperienced or incompetent operator and the second being negligent use of that vehicle by the bailee."

However, this court does not find *Potosky* to be applicable to the instant case. A firearm, unlike an automobile, is an inherently dangerous instrumentality, the use of which is likely to produce death or serious injury. See *State v. Seiber* (1990), 56 Ohio St.3d 4, 14, 564 N.E.2d 408, 419–420. Although the experience and knowledge of the tortfeasor who intentionally uses the firearm may be a factor to be considered, it is not determinative of the issue. A firearm can be used to cause harm by those experienced in its use as well as by those who lack experience and knowledge about firearms. The focus of the inquiry is on the foreseeability of the injury and not just on the experience of the person who uses the weapon.

 To establish actionable negligence, a plaintiff must show the existence of a duty, a breach of the duty, and an injury resulting from the breach. *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 180–181, 472 N.E.2d 707, 710. In order to defeat a motion for summary judgment in a negligence action, the plaintiff must identify a duty owed him by the defendant. *Keister v. Park Centre Lanes* (1981), 3 Ohio App.3d 19, 3 OBR 20, 443 N.E.2d 532. Usually, a duty exists when the injury to one in the plaintiff's position is foreseeable. This occurs when the injured person comes within the circle of those to whom injury may reasonably be anticipated. There must be an

obligation of care or caution. *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614, 616–617. Once a duty is shown to have existed, a breach of that duty must be the proximate cause of the plaintiff's injury.

"A person is not liable for proximately causing an injury if, under all the circumstances, he did not foresee and, acting as a reasonably prudent person, could not have foreseen the consequences of his alleged negligent acts." *Id.* at syllabus.

In *Taylor v. Webster* (1967), 12 Ohio St.2d 53, 41 O.O.2d 274, 231 N.E.2d 870, the court held:

"Where a defendant, the owner or having control of an air gun, is negligent in permitting its use by his ten-year-old son, and such negligence is followed by the independent act of a third person which directly results in injury to plaintiff, defendant's earlier negligence may be found to be a proximate cause of the injury, if according to human experience and in the natural and ordinary course of events defendant could reasonably have foreseen that the intervening act was likely to happen."

Although *Taylor* involved the actions of minors, the question of foreseeability is equally applicable to the instant case. "The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act." *Menifee, supra,* 15 Ohio St.3d at 77, 15 OBR at 180, 472 N.E.2d at 710. The foreseeability of the harm usually depends on the defendant's knowledge. *Id.* That knowledge depends on whether a reasonably prudent person, under the same or similar circumstances, would have anticipated that injury to another was the likely result of his conduct. *Reed v. Weber* (1992), 83 Ohio App.3d 437, 615 N.E.2d 253.

According to Deborah, Richard gave her permission to take his gun after she told him of her verbal altercation with appellant. Richard told Deborah to watch herself. The facts of this case have not yet been determined. It is not clear whether Richard could have anticipated Deborah's subsequent use of the gun. Whether Deborah's act was foreseeable depends on Richard's knowledge of the situation and the harm likely to occur when Deborah took his .357 Magnum.

Richard argues that Deborah's intentional act of shooting appellant relieves him of any liability for negligence. In *Fed. Steel & Wire Corp. v. Ruhlin Constr. Co.* (1989), 45 Ohio St.3d 171, 543 N.E.2d 769, property was damaged when vandals broke windows by throwing construction materials from a bridge. The court held there was no liability in negligence in the absence of a special duty owed by a particular defendant.

"Ordinarily, there is no duty to control the conduct of a third person by preventing him or her from causing harm to another, except in cases where there exists a special relationship between the actor and the third person which gives rise to a duty to control, or between the actor and another which gives the other the right to protection." (Footnote omitted.) *Id.* at 173, 543 N.E.2d at 772.

The court recognized that the existence of the special duty is an exception to the general rule that the law does not require a prudent person to anticipate or foresee criminal activity. *Id.* at 174, 543 N.E.2d at 772–773. The court held that it was foreseeable that vandalism would affect the plaintiff and found a special duty to exist based on the foreseeability. The existence of a special duty depends on the foreseeability of the injury. *Jeffers, supra.* Therefore, whether a special duty exists depends on whether Richard could have anticipated Deborah's use of the weapon.

Further, Restatement of the Law 2d, Torts (1965), Section 302(B), states:

"An act or an omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm, even though such conduct is criminal."

One example used by the Restatement is where a person entrusts an instrumentality capable of doing serious harm to one whom he either knows or has strong reason to believe intends or is likely to misuse it to inflict intentional harm.

Richard's .357 Magnum firearm certainly is capable of inflicting serious harm. The inherently dangerous nature of the weapon imposes an obligation upon its owner to act responsibly when entrusting the gun to another to guard against injury occurring to a third party. Whether the injury was foreseeable in the instant case requires resolution by the trier of facts. The grant of summary judgment was inappropriate.

Appellant's first, second, third, and fourth assignments of error are sustained.

The judgment is reversed, and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

HARPER and DYKE, JJ., concur.