JOURNAL ENTRY AND OPINION
Plaintiff-appellant John E. Ward appeals from the order of the trial court granting defendant-appellee Gregory F. Kondray, M.D.'s motion for a directed verdict after opening statements in the underlying medical malpractice trial. Ward also appeals from the jury verdict in favor of defendant-appellee Marymount Hospital. For the following reasons, we reverse the judgment of the trial court.
On April 18, 1994, E. Graham Lampert, M.D. performed colorectual surgery on Ward at Marymount Hospital. Prior to surgery, Dr. Kondray, a urologist, inserted stents to protect Ward's ureter during the procedure. Dr. Kondray was not in the operating room during the actual operation.
After surgery, a Foley catheter was inserted to collect Ward's urine. On April 23, 1994, Patricia Moenk, R.N. entered Ward's hospital room. According to Ward, nurse Moenk tripped on his catheter tubing, pulling the tubing, which in turn caused pain and injury. In the process of falling, nurse Moenk was knocked unconscious.
Thereafter, Ward was diagnosed with a neurogenic bladder (inability to urinate) and impotence. On January 23, 1997, Ward filed the underlying medical malpractice lawsuit against Marymount Hospital, Dr. Kondray and Dr. Lampert. Ward presented the following theories of liability: (1) Dr. Lampert negligently performed the surgery; (2) Dr. Kondray should have observed Ward's catheter tubing on the floor and failed to remedy the dangerous condition; and (3) nurse Moenk was negligent in tripping over Ward's catheter tubing. During trial, Ward insisted that both the surgery and the tripping incident were proximate causes of his inability to urinate and his impotence.
The jury trial of the underlying case commenced on August 23, 1999. Following opening statement, the trial court granted Dr. Kondray's motion for a directed verdict. At the end of his case-in-chief, Ward settled his claims against Dr. Lampert for $275,000.
After deliberation, the jury returned a verdict in favor of Marymount Hospital. Therefrom, Ward filed a timely notice of appeal with this court.
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING DEFENDANT KONDRAY'S MOTION FOR DIRECTED VERDICT AFTER OPENING STATEMENTS.
In his first assignment of error, Ward argues that the trial court erred in granting Dr. Kondray's motion for a directed verdict after opening statements.
A motion for directed verdict made after opening statements is properly granted if, construing the evidence in a light most favorable to the nonmovant, reasonable minds could only conclude that judgment should be in favor of the movant. See Alexander v. Culp (1997), 124 Ohio App.3d 13,23. The same standard applies whether the motion is made upon opening statements or after evidence is taken, because the evidence suggested during opening statements is the evidence expected to be proven later in trial. Id.
Ward asserts that he * * * expected to prove that on the day in question Dr. Kondray was in plaintiff's hospital room and saw or in the exercise of ordinary care should have seen the tubing to his Foley catheter on the floor next to his bed and ordered the nurses to pick it up before someone tripped over it and injured the plaintiff. The trial court granted a motion in limine to exclude one of Ward's expert witnesses, William George Reiner, M.D., from offering expert testimony in this regard. We do not need to address the propriety of excluding expert testimony on this issue because Ward has not assigned as error the court's decision to grant the motion in limine.
As a general rule, a plaintiff pursuing a medical malpractice claim must demonstrate through expert testimony that, among other things, the treatment provided by the defendant did not meet the prevailing standard of care. See Ramage v. Cent. Ohio Emergency Serv., Inc. (1992),64 Ohio St.3d 97, 102. However, expert testimony is not required in cases involving conduct within the common knowledge and experience of jurors. Id. at 103. See also Dimora v. Cleveland Clinic Found. (1996),114 Ohio App.3d 711, 718; Zimmerly v. Cleveland Clinic Found. (July 30, 1998), Cuyahoga App. No. 73104, unreported.
Dr. Kondray argues that his care of Ward, as a whole, falls outside the common knowledge and experience of jurors. Dr. Kondray notes that his involvement in Ward's treatment included complex urological matters that would necessitate expert testimony to assist the trier of fact. We agree that the common knowledge exception should not be applied in this regard.
However, the exception does apply to the limited allegation of whether Dr. Kondray should have observed and remedied the potentially dangerous condition of Ward's catheter tubing on the floor. This alleged omission is clearly within the common knowledge and experience of jurors, not requiring knowledge beyond the range of comprehension of the layperson.
Based upon the foregoing, we find that the trial court erred in granting Dr. Kondray's motion for a directed verdict. Ward's first assignment of error is sustained. The judgment of the trial court is reversed, and this limited claim against Dr. Kondray is remanded for further proceedings consistent with this opinion.
 IV. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN CHARGING THE JURY WITH RESPECT TO PROXIMATE CAUSE AND IN FAILING ALTHOUGH REQUESTED, TO INSTRUCT THAT THERE MAY BE MORE THAN ONE PROXIMATE CAUSE, AND TO INSTRUCT ON THE LAW CONCERNING WHEN TWO OR MORE INDEPENDENT NEGLIGENT ACTS COMBINE TO PRODUCE A SINGLE HARMFUL RESULT.
In his fourth assignment of error, Ward asserts that the trial court committed prejudicial error when it rejected his proposed jury charge pertaining to multiple causes. We will address this assignment of error first because it is determinative of the remaining appeal.
Pursuant to Civ.R. 51(A), Ward filed a written request with the trial court for a proposed jury charge regarding multiple causes. During its charge to the jury, the trial court failed to instruct the jury concerning multiple causes. Before the jury commenced deliberations, Ward preserved this issue for appeal. See Civ.R. 51(A).
Ordinarily, requested instructions should be given if they are correct statements of the law applicable to the facts in the case.
Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591. The trial court is not required to use the proposed jury instruction verbatim — the court need only include the substance of the proposed instruction. Youssef v. Parr (1990), 69 Ohio App.3d 679,690.
Ward's requested jury instruction on multiple causes was a correct statement of law and, therefore, the trial court should have relayed the substance of this instruction to the jury. It is well established that an injury may have multiple proximate causes. See Taylor v. Webster (1967),12 Ohio St.2d 53, 57.
On appeal, Marymount Hospital argues that the absence of a jury instruction regarding multiple causes was harmless. In order to constitute reversible error, the omission of a requested instruction must be prejudicial to the substantial rights of the party proffering it. Hammerschmidt v. Mignogna (1996), 115 Ohio App.3d 276.
Ward presented two theories of liability to the jury: (1) Dr. Lampert negligently performed the surgery; and (2) nurse Moenk was negligent in tripping over Ward's catheter tubing. Ward insisted throughout trial that both defendants were responsible for his inability to urinate and impotence. At the end of Ward's case-in-chief, he settled and dismissed his claims against Dr. Lampert. Notwithstanding, the trial court failed to offer the jury any guidance on what to do if they found both Dr. Lampert and nurse Moenk caused the alleged claims. We are unable to say that this omission was harmless.
Based upon the foregoing, we find that the trial court committed an abuse of discretion to the prejudice of Ward when it refused to instruct the jury regarding multiple causes. Therefore, we vacate the jury verdict and remand this case for a new trial.
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN PROHIBITING PLAINTIFF'S EXPERT WITNESSES FROM TESTIFYING TO OPINIONS CONCERNING THE PROXIMATE CAUSES OF PLAINTIFF'S INJURIES.
 III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND/OR ABUSED ITS DISCRETION IN FAILING TO ADMIT PLAINTIFF'S MEDICAL AND HOSPITAL BILLS INTO EVIDENCE.
 V. THE TRIAL COURT, INSTEAD OF APPEARING IMPARTIAL, ABUSED HIS DISCRETION AND COMMITTED PREJUDICIAL ERROR BY CREATING AN ATMOSPHERE OF HOSTILITY AND DISTRUST OF PLAINTIFF'S CASE AND PLAINTIFF'S COUNSEL AT VARIOUS TIMES IN FRONT OF THE JURY FROM VOIR DIRE TO THE CLOSE OF THE CASE MAKING IT IMPOSSIBLE FOR PLAINTIFF TO GET A FAIR TRIAL OR OBTAIN JUSTICE.
Based upon our disposition of the fourth assignment of error, the remaining arguments are moot. Pursuant to App.R. 12(A)(1)(c), we decline to address the issues raised in Ward's second, third and fifth assignments of error.
The judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is ordered that appellant recover of appellees his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J. and ANNE L. KILBANE, J. CONCUR.
 ____________________ LEO M. SPELLACY JUDGE