AMERICAN STATES INSURANCE COMPANY et al., Appellants,

v.

CAPUTO et al.; Caputo Brothers Builders, Inc., Appellee.

[Cite as *Am. States Ins. Co. v. Caputo* (1998), 126 Ohio App.3d 401.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72245.

Decided Feb. 23, 1998.

O'Donnell, J., filed dissenting opinion.

404

*Glowacki & Associates Co., James L. Glowacki* and *James Imbrigiotta,* for appellants.

*Davis & Young* and *George W. Lutjen,* for appellee.

SPELLACY, Judge.

Plaintiffs-appellants American States Insurance Company and Hilltop Plaza Company appeal from the jury verdict in favor of defendant-appellee Caputo Brothers Builders, Inc. ("Caputo") in an action for negligent design and/or construction.

Appellants assign the following errors for review:

"I. The trial court erred by giving the jury improper instructions.

"II. The trial court erred in failing to direct a verdict in favor of American States Insurance Company on the issue of the defendant's negligence.

"III. The trial court abused its discretion in allowing the defendant's expert to testify.

"IV. The trial court abused its discretion by allowing evidence of the substance of witness statements to be presented."

Finding the appeal to have merit, we reverse the judgment of the trial court.

## I

On June 4, 1991, the Hilltop Plaza located in Richmond Heights was substantially damaged by a fire. The property was insured by American States Insurance Company. On June 2, 1995, appellants filed a complaint against the builder of the Hilltop Plaza, Caputo Brothers Builders, Inc., for negligent design and/or construction. At trial, appellants presented evidence that Caputo did not install fire-stops in the canopy area of the plaza as required by the Ohio Basic Building Code. Appellants contended that the failure to build the fire-stops caused the fire to spread, as the purpose of the fire-stops is to contain fire in a compartment or at least restrict the passage of the fire for some time. Appellants' evidence was that the fire began internally, burning for a considerable amount of time before it was detected. The flames eventually burned through the roof of the plaza.

Caputo presented the testimony of an expert witness, Dr. George Kramerich, in its defense. Dr. Kramerich opined that the fire originated on the outside of the building, spreading across the roof. Because the fire was on the roof, fire-stops would not have contained or suppressed the fire.

The jury returned a verdict for the defense. Appellants have appealed from that judgment.

## II

In their first assignment of error, appellants contend that the trial court erred by refusing to instruct the jury on concurrent causation, foreseeability, and negligence *per se*. Appellants assert that the failure to charge the jury on these issues resulted in reversible error.

Ordinarily, requested instructions should be given if they are correct statements of the law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the instruction. *Murphy v. Carrollton Mfg. Co.* (1991), 61 Ohio St.3d 585, 591, 575 N.E.2d 828, 832. Jury charges must be reviewed in the context of the entire instruction. *Fischer v. Dairy Mart Convenience Stores* (1991), 77 Ohio App.3d 543, 602 N.E.2d 1204.

Appellants first argue that the trial court abused its discretion by not charging the jury on concurrent causation as requested by appellants. Appellants maintain that the failure of Finast to install fire-stops contributed to the spread of the

fire. Appellants submit that there was evidence adduced at trial to support their theory that the two negligent acts of Caputo and Finast in failing to install fire-stops contributed to the creation of a single harm.

The result complained of in a negligence suit may stem from more than one cause. *Taylor v. Webster* (1967), 12 Ohio St.2d 53, 41 O.O.2d 274, 231 N.E.2d 870. Two or more causes may run together to produce a given result or inflict an injury. *Monnin v. Fifth Third Bank of Miami Valley, N.A.* (1995), 103 Ohio App.3d 213, 658 N.E.2d 1140. "Concurrent negligence consists of the negligence of two or more persons concurring, not necessarily in point of time, but in point of consequence, in producing a single indivisible injury." *Garbe v. Halloran* (1948), 150 Ohio St. 476, 38 O.O. 325, 83 N.E.2d 217, paragraph one of the syllabus. If the defendant's original negligence continues to the time of injury and contributes substantially to the harm caused, an intervening, contributing negligent act does not absolve the original tortfeasor from liability. Each may be a proximate, concurring cause for which full liability may be imposed. *Berdyck v. Shinde* (1993), 66 Ohio St.3d 573, 613 N.E.2d 1014. The test is "whether the original and successive acts may be joined together as a whole, linking each of the actors as to the liability, or whether there is a new and independent act or cause which intervenes and thereby absolves the original negligent actor." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St.3d 155, 6 OBR 209, 451 N.E.2d 815, paragraph one of the syllabus.

Evidence admitted at trial proved that Finast undertook its own construction and, like Caputo, did not install fire-stops as required by the building code. Testimony of appellants' witnesses stated that had there been a fire-stop between Finast and the rest of the shopping strip, the fire would not have spread to Finast. A fire-stop was installed between a bank and Finast. The fire did not spread to the bank. The fire chief testified that the fire in Finast was intense, requiring the firefighters to go inside Finast in an effort to contain the fire. There also was evidence that the fire would not have been as intensive or caused as much damage if the fire had not spread to Finast.

After reviewing the evidence admitted at trial, an instruction on concurrent causation was warranted based upon the facts of this case. The jury may have concluded that Finast's act of not constructing fire-stops led to a considerable amount of the damage to the Hilltop Plaza. Because the fire spread to Finast, the firefighters had to put much of their efforts into fighting the fire at Finast instead of concentrating on the rest of the Hilltop Plaza. The jury may have considered Finast to be as culpable as Caputo in either causing the fire or in greatly increasing the harm suffered. Since only Caputo was a defendant, Finast's culpability should have been considered as well as Caputo's. It cannot be said that the result of the trial would have been the same had the trial court

instructed the jury on concurrent causation. The trial court abused its discretion by refusing to instruct the jury on this issue.

Appellants next argue that the trial court erred by not instructing the jury on foreseeability. Appellants assert that foreseeability is an essential element of a negligence claim and that proximate cause exists only where an injury is a natural and foreseeable result of the defendant's negligence.

The trial court instructed the jury in part as follows:

"In any case brought on the theory of negligence, the burden of proof is upon the plaintiff to establish that the act or failure to act of the defendant was negligent, and that such act or failure to act was the proximate cause of the damage to the plaintiffs, and if so, to what extent there is damage.

"All right. Now, I've used the word proximate cause. A person that seeks to recover for damage, property damage, must prove not only that the other party was negligent, but also that the negligence was a proximate cause of the damage.

"Proximate cause is an act or failure to act, which in the natural and continuous sequence directly produces the damage, and without which it would not have occurred. Cause occurs when the damage is the natural and foreseeable result of the act or failure to act."

"The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act." *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 180, 472 N.E.2d 707, 710. The trial court did instruct the jury that the damage must be the foreseeable result of Caputo's act or failure to act. Although the instruction is admittedly sparse on foreseeability, it was adequate to convey the correct concept to the jury. No reversible error resulted from the trial court's failure to give a more informative instruction on foreseeability.

Last, appellants state that the trial court erred by not giving the jury a charge on negligence *per se*. Appellants contend that the evidence admitted at trial proved that Caputo violated the Ohio Basic Building Code by not installing fire-stops. Because the fire-stops were not constructed by Caputo, appellants argue that this constituted negligence *per se*.

Violation of a statute or ordinance that imposes a specific duty to act for the benefit of another constitutes negligence *per se* when it results in injury. The obligor will be held liable when his failure to comply proximately results in injuries to a person whom the statute or ordinance was intended to protect. *Eisenhuth v. Moneyhon* (1954), 161 Ohio St. 367, 53 O.O. 274, 119 N.E.2d 440. Negligence *per se* decreases the elements that a plaintiff must prove in a

negligence action. *Hernandez v. Martin Chevrolet, Inc.* (1995), 72 Ohio St.3d 302, 649 N.E.2d 1215. The court in *Swoboda v. Brown* (1935), 129 Ohio St. 512, 2 O.O. 516, 196 N.E. 274, held at paragraph four of the syllabus:

"The distinction between negligence and 'negligence *per se* ' is the means and method of ascertainment. The former must be found by the jury from the facts, the conditions and circumstances disclosed by the evidence; the latter is a violation of a specific requirement of law or ordinance, the only fact for determination by the jury being the commission or omission of the specific act inhibited or required."

■ However, the issue in this case was proximate cause. Whether Caputo was negligent *per se* by not installing fire-stops as required by code was not determinative of the outcome of the case. As the court in *Merchants Mut. Ins. Co. v. Baker* (1984), 15 Ohio St.3d 316, 318, 15 OBR 444, 446, 473 N.E.2d 827, 829, stated:

"Negligence *per se* does not equal liability *per se*. Simply because the law may presume negligence from a person's violation of a statute or rule does not mean that the law presumes that such negligence was the proximate cause of the harm inflicted." (Emphasis *sic*.)

■ Indeed, negligence must be a proximate cause of an injury to have legal consequence. *Osler v. Lorain* (1986), 28 Ohio St.3d 345, 347, 28 OBR 410, 411–412, 504 N.E.2d 19, 21–22. An instruction on negligence *per se* would have made no difference in the verdict of this case. Appellants' task was to prove that the lack of fire-stops was the proximate cause of the fire damage or resulted in more extensive damage than would have occurred had the fire-stops been installed. The trial court's failure to charge the jury on negligence *per se* did not result in reversible error.

Appellants' first assignment of error is sustained as to the instruction on concurrent causation.

## III

In their second assignment of error, appellants assert that the trial court erred by not directing a verdict for appellants on the issue of Caputo's negligence. Appellants' position is that the evidence pertaining to the lack of fire-stops was uncontested at trial and, therefore, a directed verdict should have been granted in appellants' favor on Caputo's negligence.

Civ.R. 50(A)(4) provides:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against

whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

When ruling on a motion for a directed verdict, the trial court's function in a jury trial is not to weigh the evidence but to "determine whether there is any evidence of substantial probative value in support of the nonmoving party's claim." *Eldridge v. Firestone Tire & Rubber Co.* (1985), 24 Ohio App.3d 94, 96, 24 OBR 164, 166, 493 N.E.2d 293, 295. The determination to be made is not whether one set of facts is more persuasive than another but whether only one result could be reached under the theories of law presented in the complaint. *Id.* The Civ.R. 50(A) test looks to the sufficiency of the evidence on each element of a claim to take the case to the jury. *Ruta v. Breckenridge–Remy Co.* (1982), 69 Ohio St.2d 66, 23 O.O.3d 115, 430 N.E.2d 935. The general rule is that a directed verdict is appropriate only where the party opposing the motion fails to adduce any evidence on the essential elements of his claim or defense. *O'Day v. Webb* (1972), 29 Ohio St.2d 215, 58 O.O.2d 424, 280 N.E.2d 896. Therefore, a motion for a directed verdict presents a question of law as opposed to a question of fact. *Id.*

In order to establish actionable negligence, a plaintiff must show the existence of a duty, a breach of the duty, and an injury resulting proximately from the breach. *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 180–181, 472 N.E.2d 707, 710. Although appellants may have shown that Caputo had a duty to install fire-stops and breached that duty, proximate cause was disputed at trial. Caputo did adduce evidence at trial that the lack of fire-stops did not proximately cause the fire or increase the amount of damage. The trial court properly denied appellants' motion for a directed verdict on the issue of negligence.

Appellants' second assignment of error is overruled.

IV

In their third assignment of error, appellants contend that the trial court abused its discretion by permitting Caputo's expert witness to testify. Appellants point out that when the expert witness, Dr. George Kramerich, first investigated the fire, he was not yet licensed as a private investigator pursuant to R.C. 4749.01. Appellants rely on *McKeegan v. Sears, Roebuck & Co.* (Sept. 7, 1995), Cuyahoga App. No. 68111, unreported, 1995 WL 527441, in which this court held that Dr. Kramerich could not testify as an expert witness as to the

cause or origin of a fire because he did not hold a valid Ohio license as a private investigator of fires pursuant to R.C. 4749.01.

R.C. 4749.01 defines the "business of private investigation" to mean "the conducting, for hire, in person or through a partner or employees, of any investigation relevant to * * * determine the cause of or responsibility for * * * any fire * * * or to secure evidence for use in any legislative, administrative, or judicial investigation or proceeding."

R.C. 4749.13 forbids any person from engaging in the business of private investigation unless he or she is licensed pursuant to this Revised Code Chapter.

Dr. Kramerich conducted an investigation of the fire on June 6, 1991, two days after the fire occurred. Dr. Kramerich was retained by a representative of the owner of Payless Shoe Company to determine whether the Payless scene was involved in causing the fire. Dr. Kramerich was hired to look at the electrical part of the situation. As part of his investigation, Dr. Kramerich took photographs of the scene which he later used when conducting his investigation for the defense in the instant case. Dr. Kramerich became licensed as a private investigator on May 21, 1993. Therefore, he was not licensed pursuant to R.C. 4749.01 at the time he visited the fire scene for Payless Shoe Company but was licensed when hired by Caputo.

In *McKeegan*, Dr. Kramerich was not licensed at the time he conducted the investigation for the defense. In the instant case, Dr. Kramerich was licensed at the time he conducted his investigation for Caputo but not when he initially investigated the fire in 1991. Appellants argue that because Dr. Kramerich was unlicensed in 1991 when he investigated the scene and took pictures which were entered into evidence in this case, the trial court abused its discretion in permitting Dr. Kramerich to testify as an expert witness.

 A trial court's ruling on the admissibility of expert testimony will not be reversed by a reviewing court absent an abuse of discretion. *Mahan v. Bethesda Hosp. Inc.* (1992), 84 Ohio App.3d 520, 617 N.E.2d 714. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

 R.C. 4749.01 forbids the gathering of any evidence of the cause or responsibility for a fire for use in any legislative, administrative, or judicial proceeding by an unlicensed person. There is no evidence in the record that Dr. Kramerich's purpose in investigating the fire in 1991 was to secure evidence for use in a judicial proceeding. He was retained by Payless Company apparently for its own investigation into the cause of the fire. Although pictures taken

during the Payless investigation ultimately were used by Dr. Kramerich in the instant case, the pictures were not taken with the purpose that they would be used in a judicial proceeding. Therefore, Dr. Kramerich did not gather evidence in 1991 in violation of R.C. 4749.01. Dr. Kramerich could use the pictures when conducting his investigation for Caputo as he would use any evidence which was found or gathered at the scene by any other person.

*McKeegan* is not applicable to the instant case, as there, Dr. Kramerich was unlicensed at the time he conducted his investigation for the defendant. Dr. Kramerich was licensed when he compiled his report for Caputo. The trial court did not abuse its discretion by permitting Dr. Kramerich to testify.

Appellants' third assignment of error lacks merit.

## V

In their fourth assignment of error, appellants argue that the trial court abused its discretion by allowing the admission of evidence that was the substance of witness statements and unofficial reports. Appellants challenge the inclusion into evidence of the statements of several witnesses which were recorded in the official reports of the Richmond Heights Fire Department and the State Fire Marshal. Appellants rely on *Westinghouse Elec. Corp. v. Dolly Madison Leasing & Furniture Corp.* (1975), 42 Ohio St.2d 122, 71 O.O.2d 85, 326 N.E.2d 651, in which the court held that the statements of witnesses in official reports are inadmissible hearsay.

At trial, appellants objected to the cross-examination of their expert witness, Jim Churchwell, regarding the statement of a witness recorded in the State Fire Marshal's report. Churchwell admitted that the State Fire Marshal's report was one of numerous materials that he reviewed before making his own report on the fire. The witness stated that she saw flames coming out of the La Fiesta Restaurant sign. Churchwell did not testify that he considered the statement of the witness to be true or accurate but that the witness believed that she saw flames coming from the area of the sign. Churchwell stated that he thought the witness saw the manifestation of a larger phenomenon going on inside the roof structure and that the witness may not have properly interpreted what she saw.

The court in *Westinghouse, supra,* ruled:

"The hearsay rule includes within its scope written summaries of interviews conducted during an official fire investigation and it is error to admit such statements in evidence, even though contained in an official report, where the statements are not within an exception to the hearsay rules." *Id.,* at paragraph one of the syllabus.

On cross-examination, Churchwell did not assert that the statements made by the witness were true; therefore, the hearsay rule was not violated. Further, the basis of Churchwell's opinion in the instant case was a proper subject for cross-examination. See Evid.R. 705. The trial court did not err by permitting Churchwell to be questioned whether the statement of the witness played a part in his determination of the cause and progress of the fire.

■ Appellants also objected to the testimony of the defense expert witness, Dr. George Kramerich, who relied on the statements of witnesses found in the State Fire Marshal's report to form the basis of the time line he testified to as to the progress and burn pattern of the fire. Dr. Kramerich related that an unnamed witness went into the La Fiesta Restaurant to inform the owner that the restaurant's sign was on fire. The owner came out and observed the fire. He went back into the restaurant and retrieved a ladder and fire extinguisher. The owner attempted to fight the fire from inside the restaurant by climbing up into the canopy and discharging the fire extinguisher. Dr. Kramerich stated that a woman dining in the restaurant went outside and observed the fire on the outside surface of the canopy. Based on these statements, Dr. Kramerich opined that there was a fire on the exterior surface of the building as well as in the interior. Dr. Kramerich also partially based his opinion that the fire spread up over the roof on Fire Chief Cek's report that the city received phone calls from citizens saying that the entire roof of the Hilltop Plaza was on fire.

After reviewing Dr. Kramerich's testimony, it is clear that he relied on the hearsay statements in the State Fire Marshal's report and in Fire Chief Cek's report when establishing his theory of the fire's origin and pattern of how the fire spread. Dr. Kramerich presented the statements by the witnesses as fact and based a large part of his testimony with regard to establishing a time line for the fire on these statements. Because Dr. Kramerich used the statements for the purpose of showing the truth of the matter asserted, the statements were inadmissible hearsay and should not have been admitted at trial. *Westinghouse, supra.*

■ After determining that the admission of the evidence was error, this court must decide whether appellants were prejudiced by the erroneous admission of the evidence. Error in admitting evidence will not be grounds for reversal unless substantial rights of the complaining party were affected or it appears that substantial justice was not done. When making this determination, the reviewing court must decide whether the trier of fact would have reached the same decision had the error not occurred. *Petti v. Perna* (1993), 86 Ohio App.3d 508, 621 N.E.2d 580.

Hearsay may not be the basis of an expert's opinion. *Fireman's Fund Ins. Co. v. BPS Co.* (1985), 23 Ohio App.3d 56, 23 OBR 101, 491 N.E.2d 365. Dr. Kramerich based much of his time line for the progression of the fire and his opinion that this was an external fire on the hearsay statements of the witnesses. Dr. Kramerich was the only defense witness. A review of the record does not lend credence to the belief that the jury would have reached the same decision but for the inadmissible testimony.

Appellant's fourth assignment of error is sustained.

*Judgment reversed*
*and cause remanded for new trial.*

James D. Sweeney, J., concurs.

O'Donnell, J., dissents.

O'Donnell, Judge, dissenting.

I respectfully dissent. The majority opinion in my view stretches to reverse the trial court's judgment.

The majority's conclusions about whether the jury may have considered Finast to be as culpable as Caputo Brothers are misplaced. The issue raised by appellants' first assignment of error concerned only whether the trial court erred in not giving a jury charge on the issue of concurrent causation. Review of the trial court's charge to the jury reveals:

"If you find that the defendants failed to install fire stops, and that failure—and that failure to install contributed to the spread of the fire, then the defendant was negligent, and is a proximate cause of the damages, which you must ultimately determine. And your verdict in that event would be for the plaintiff.

"The defendant denies that any acts or omissions of Caputo Brothers proximately caused any of the damages alleged by the plaintiff. If you find that no acts or omissions proximately caused the damages, then your verdict should be for the defendant."

And it further reveals that the jury returned a verdict for the defendants. This verdict means that Caputo Brothers did not proximately cause *any* of the damage sustained by appellants, which makes moot the issue that their alleged negligence concurrently caused some of the damage. The court's charge on concurrent negligence in this case is not a proper basis of reversible error.

Regarding the fourth assignment of error, appellants, citing *Westinghouse Elec. Corp. v. Dolly Madison Leasing & Furniture Corp.* (1975), 42 Ohio St.2d 122, 71 O.O.2d 85, 326 N.E.2d 651, contend that the trial court abused its

discretion by allowing into evidence the substance of witness statements contained in the official reports of the Richmond Heights Fire Department and the State Fire Marshal. However, in *Westinghouse*, a similar case which involved the cause of a warehouse fire in Evendale, Ohio, the trial court there admitted into evidence the fire department investigative reports, including the statements of witnesses who had appeared at trial. The court's syllabus states in part, "[I]t is error to admit such statements in evidence, even though contained in an official report * * *."

Clearly, the trial court in this case did not admit the official fire reports into evidence. Rather, during the trial of this case, appellants' expert, James P. Churchwell, testified to a reasonable degree of professional certainty that the lack of fire-stops proximately caused the destruction of the Hilltop Shopping Center; on cross-examination, however, Churchwell admitted that he used information from Jenny Oberon whose statement was contained in the State Fire Marshal's report. Likewise, appellees' expert, Dr. George Kramerich, admitted that in formulating his opinion that the fire-stops would not have contained or suppressed the fire, he used statements of witnesses contained in the official fire reports.

Citing Evid.R. 705, the majority concludes that Churchwell's opinion is admissible, but the admission of Kramerich's constitutes reversible error. This, in my view, is unfair.

Evid.R. 705 states:

"The expert may testify in terms of opinion or inference and give his reasons therefor after disclosure of *the underlying facts or data*. The disclosure may be in response to a hypothetical question or otherwise." (Emphasis added.)

Here, the statements of witnesses contained in the official fire reports were not admitted into evidence or offered for the truth of the statements *per se*, but only utilized by both experts in formulating their opinions regarding whether or how the absence of fire stops in the construction of the shopping center affected the fire. Fairness dictates that if Churchwell can testify, Kramerich ought to be able to do so as well, since both experts utilized the same official fire reports in formulating their opinions. The use of these reports in formulating expert opinions is a matter better left to test their credibility as witnesses and goes to the weight to be given their testimony, not admissibility, because the witness statements were not admitted into evidence as in *Westinghouse, supra*. The trial court properly charged the jury on the issues of credibility and the weight to be given the expert testimony.

For these reasons, I dissent from the majority's opinion. I would affirm the judgment of the trial court.