JOURNAL ENTRY AND OPINION
Plaintiffs-appellants Kurley Johnson and Andrea Johnson ("appellants") appeal from the trial court's order granting summary judgment in favor of defendant-appellee BP America ("appellee"). Appellants assign the following errors for our review:
 I. THE TRIAL COURT ERRED BY REFUSING TO POSTPONE ITS RULING UPON DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT UNTIL THE DEPOSITION OF A KEY WITNESS COULD BE COMPLETED.
 II. THE TRIAL COURT ERRED, AS A MATTER OF LAW. BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE ON THE GROUNDS THAT NO GENUINE ISSUE OF MATERIAL FACT EXISTED AS TO WHETHER DEFENDANT-APPELLEE HAD ACTUAL OR CONSTRUCTIVE KNOWLEDGE OF THE HAZARD WHICH CAUSED PLAINTIFF-APPELLANT'S INJURIES.
Finding appellants' assignments of error to lack merit, we affirm the judgment of the trial court.
 I.
On June 2, 1996, Kurley Johnson drove to a BP America gas station located at 4006 Lee Road in Cleveland, Ohio. As Mr. Johnson approached the entrance to the BP America store to pay for his gas, he stepped in "something slippery" and fell to the ground; as a result of this fall, Mr. Johnson allegedly sustained various personal injuries.
On September 30, 1997, appellants filed a complaint against appellee in the Cuyahoga County Court of Common Pleas. Discovery commenced and, on February 5, 1998, the trial court granted appellee leave to file a motion for summary judgment.
On April 14, 1998, appellee filed a motion for summary judgment. Appellants filed a memorandum in opposition to the summary judgment motion on June 15, 1998. On July 2, 1998, appellee filed a motion for leave to file a reply brief in support of summary judgment; in a journal entry filed on July 30, 1998, the trial court granted appellee leave to file a reply brief.
On July 22, 1998, after already filing a response to appellee's motion for summary judgment, appellants filed a motion to postpone the ruling on summary judgment pursuant to Civ.R. 56 (F). In its motion and supporting affidavit, appellants requested additional time to depose a "key witness" — a former cashier employed by appellee on the date of the subject accident.
In a journal entry filed on July 30, 1998, the trial court granted appellee's motion for summary judgment. On or about August 18, 1998, the trial court denied appellants' Civ.R. 56 (F) motion. On August 21, 1998, appellants filed the instant appeal.
 II.
In their first assignment of error, appellants claim that the trial court erred by denying their Civ.R. 56 (F) motion.
Civ.R. 56 (F) provides:
 Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just. (Emphasis added.)
Pursuant to Civ.R. 56 (F), the trial court has discretion when considering a motion for a continuance. Civ.R. 56 (F). An appellate court will not reverse the trial court decision under Civ.R. 56 (F) absent an abuse of discretion. Miller v. Ohio Dept.of Commerce (Aug. 19, 1993), Cuyahoga App. No. 62917, unreported, citing Aglinsky v. Cleveland Builders Supply Co. (1990), 68 Ohio App.3d 810,819. "The term `abuse of discretion' connotes more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
In the instant case, appellee filed a motion for summary judgment on April 14, 1998. On June 15, 1998, appellants filed a response to the motion for summary judgment. On July 22, 1998, months after discovery commenced and the motion for summary judgment was filed, appellants filed their Civ.R. 56 (F) motion.
In the affidavit attached to appellants' Civ.R. 56 (F) motion, Paul W. Flowers, Esq., one of the attorneys representing appellants in this action, stated in part:
 For approximately one (1) month, I have been attempting to schedule the deposition of the cashier employed by Defendant, BP America, who was reportedly present at the scene at the time of my client's slip and fall accident.
Mr. Flowers' affidavit indicates that appellants did not attempt to schedule the deposition of the "key witness" until June, notwithstanding: (1) the case had been pending for almost ten months; (2) discovery had commenced months earlier; (3) appellee filed its motion for summary judgment over three months earlier; and (4) appellants had already filed a response to the motion for summary judgment.
Assuming arguendo that the former cashier had relevant information to this case, appellants should have pursued the cashier's deposition earlier in the litigation. At the very least, appellants should have immediately filed their Civ.R. 56 (F) motion upon the filing of appellee's motion for summary judgment. Instead, appellants filed a response to the motion for summary judgment. In an apparent response to appellee's reply brief, appellants finally decided that the subject deposition was important enough to file a Civ.R. 56 (F) motion.
We find that the trial court did not abuse its discretion in denying appellants' Civ.R. 56 (F) motion under these circumstances. Accordingly, appellants' first assignment of error is overruled.
 III.
As for their second assignment of error, appellants contend that the trial court erred in granting appellee's motion for summary judgment.
Civ.R. 56 (C) provides that summary judgment is proper if the trial court determines that: "`(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.'" Hannah v. DaytonPower Light Co. (1998), 82 Ohio St.3d 482, 485, quoting Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317.
A motion for summary judgment forces the moving party to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. See Dresher v. Burt (1996), 75 Ohio St.3d 280,296. It is the non-moving party, however, who must produce evidence on all issues for which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, paragraph three of the syllabus.
In order to establish actionable negligence, a plaintiff must show the existence of a duty, a breach of the duty, and an injury resulting proximately from the breach. Am. States Ins. Co. v.Caputo (1998), 126 Ohio App.3d 401, 410, citing Menifee v. OhioWelding Prod., Inc. (1984), 15 Ohio St.3d 75, 77.
A shopkeeper owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unreasonably exposed to unnecessary danger. See Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. The shopkeeper, however, is not an insurer of the safety of its customers. Id.
 In Combs v. First Natl. Supermarkets, Inc. (1995), 105 Ohio App.3d 27, this court stated:
 The law in the state of Ohio is clear that in order for a plaintiff to recover damages from a slip and fall accident as a business invitee, the following must be established:
 "1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 "2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 "3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care."
Id. at 29, citing Johnson v. Wagner Provision Co. (1943),141 Ohio St. 584, 589.
In the instant case, Kurley Johnson claims that he slipped on "something slippery" near the entrance to the gas station store. The substance, which was oily and clear in color, was approximately six to eight inches in diameter. In his deposition, Mr. Johnson acknowledged that he did not know how the slick spot got there; moreover, Mr. Johnson did not know how long the slick spot had been there before he fell.
Appellants do not argue that appellee or its employees had actual knowledge of the subject hazard. In addition, appellants failed to produce any evidence of the length of time the hazard existed and therefore, do not claim that appellee had constructive knowledge of the hazard. Instead, according to appellants, the evidence raises the reasonable and logical inference that appellee or its employees created the hazard.
In reviewing a motion for summary judgment, the court must construe the evidence and all reasonable inferences drawn therefrom in a light most favorable to the party opposing the motion. LeJeune v. Crocker Shell Food Mart Car Wash (Oct. 22, 1998) Cuyahoga App. No. 74262, unreported, citing Morris v. OhioCas. Ins. Co. (1988), 35 Ohio St.3d 45; Harless v. Willis Day Warehousing (1978), 54 Ohio St.2d 64. However, the evidence in this case does not support an inference that the hazard was created by appellee or its employees.
As appellee notes, the subject accident occurred outside a "modern-day" self-serve gas station. As the modus operandi of this type of gas station, the cashiers-employees remain inside the store. Customers, on the other hand, enter and exit the store, often carrying various substances, viz., drinks, food, window wiper fluid, etc. Under these circumstances, a jury could not reasonably infer that the hazard was created by appellee or its employees absent direct evidence.
Based upon the foregoing, we find that the trial court did not err in granting appellee's motion for summary judgment. Appellants' second assignment of error is overruled. The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER. ADM. J. and ANNE L. KILBANE, J. CONCUR.
 __________________________________ LEO M. SPELLACY JUDGE