JOURNAL ENTRY AND OPINION
Plaintiff-appellant Kathleen Braun ("Braun") appeals from the granting of summary judgment in favor of defendant-appellee-movant Russo's, Inc., dba Russo's Stop-n-Shop Supermarkets ("Russo's"), in this premises liability slip-and-fall negligence action.[1] For the reasons adduced below, we affirm.
A review of the record on appeal indicates that Braun, a business invitee, was shopping for groceries at Russo's on Sunday afternoon, July 28, 1996. Proceeding down the main produce aisle, Braun went from one side of the aisle to the other, selecting produce. See Braun deposition at 22, 39. As she approached the end of the produce section, Braun remembered that she needed some cantaloupes, so she left her cart and walked back to where the cantaloupes were located. Id. at 40-41. Upon selecting two cantaloupes, Braun began to walk back to her cart using the same general path she had used in walking to the cantaloupe display. Two stock boys were stocking items on either side of the produce aisle. Id. At 34. On the way back to her cart, Braun slipped and fell on some green grapes on the floor. Id. at 23-27. At the site of the fall the grape display was a few feet to her right, and a conveyor belt used for bringing bulk produce up from the store basement to be stocked, was a few feet to her left. Customers and store personnel came to her assistance. The floor in the area of the fall was uncovered. No rubber matting, or other non-slip protective device, was used on the bare floor. Braun, who gave birth to a child several days after the accident, sustained soft tissue injuries to her left foot and ankle which were treated using an air cast and rest. Braun did not know how the grapes came to be on the floor, how long they were on the floor, whether they had been on the floor long enough that someone should have noticed them, or whether the grapes were squashed prior to her stepping on them. Id. at 51. According to Braun, it was a busy day at the store and it was not her practice to walk looking down at the floor; she had no specific recollection of looking down at the floor as she shopped. Id. at 81-82, 84. Also, Braun testified that had she looked down, the conditions would have permitted her to have seen the grapes. Id. at 83. The grapes at the store display were packaged loosely in small bags which were open at the top. Store employees generally acknowledged in their depositions that open bags of grapes can permit grapes to fall out of the bags and onto the floor as the bags are handled by employees and customers, and that loose grapes can fall out of the shipping cartons as the cartons of grapes are transported from the conveyor belt to the display area for stocking.
The resulting underlying action was filed on February 9, 1998.
The case was referred to non-binding arbitration on August 31, 1998. The arbitration panel returned a report and award in favor of Braun in the amount of $6,000 on November 5, 1998. Russo's filed its appeal from the arbitration award on November 30, 1998.
The matter was heard by a court mediator on January 5, 1999, without success for a resolution. Thereafter, the trial court scheduled a pretrial conference for February 11, 1999.
On January 26, 1999, Russo's filed a motion for summary judgment supported by excerpts from Braun's deposition.[2] With leave of court, Braun filed her brief in opposition to summary judgment on March 3, 1999, supported by: (1) affidavits of Braun and her husband, William Braun; and, (2) excerpts from the depositions of Daniel Nolan [a stock boy at the store], Daniel Rose [a stock boy at the store], and Lisa Palazzo [the store manager] Russo's filed a reply brief on March 11, 1999.
The trial court granted the motion for summary judgment without opinion, using a half-sheet status form entry on March 11, 1999, and canceled the pretrial conference scheduled for March 24, 1999.
Braun filed her notice of appeal from the summary judgment final order on April 9, 1999. The lone assignment of error presented for review states the following:
I
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR RUSSO'S IN THIS SLIP-AND-FALL NEGLIGENCE CASE WHEN THERE ARE MATERIAL ISSUES OF FACT IN DISPUTE FROM WHICH REASONABLE MINDS COULD CONCLUDE THAT RUSSO'S BREACHED ITS DUTY OF CARE IN THE CIRCUMSTANCES OF THIS CASE.
This court, in Johnson v. B.P. America (Nov. 10, 1999), Cuyahoga App. No. 75092, unreported, 1999 WL 1024140, at 3, iterated the standard of review for a summary judgment ruling involving the slip-and-fall of a business invitee:
 Civ.R. 56(C) provides that summary judgment is proper if the trial court determines that: "`(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.'" Hannah v. Dayton Power Light Co. (1998), 82 Ohio St.3d 482, 485, quoting Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317.
 A motion for summary judgment forces the moving party to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. See Dresher v. Burt (1996), 75 Ohio St.3d 280, 296. It is the non-moving party, however, who must produce evidence on all issues for which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus.
 In order to establish actionable negligence, a plaintiff must show the existence of a duty, a breach of the duty, and an injury resulting proximately from the breach. Am. States Ins. Co. v. Caputo (1998), 126 Ohio App.3d 401, 410, citing Menifee v. Ohio Welding Prod., Inc. (1984), 15 Ohio St.3d 75, 77.
 A shopkeeper owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unreasonably exposed to unnecessary danger. See Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203. The shopkeeper, however, is not an insurer of the safety of its customers. Id.
 In Combs v. First Natl. Supermarkets, Inc. (1995), 105 Ohio App.3d 27, this court stated:
 The law in the state of Ohio is clear that in order for a plaintiff to recover damages from a slip and fall accident as a business invitee, the following must be established:
 "1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 "2 That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 "3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care."
 Id. at 29, citing Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584, 589.
In the case sub judice, Braun misinterprets the identity of the hazard and argues that the hazardous condition was not the actual presence of grapes on the floor at the time of Braun's fall, but instead the subject hazard was the potential that grapes could fall onto the floor of the premises at all, and that this potential for grapes on the floor was, or could only have been, created by Russo's in a variety of ways:, not selling the grapes in sealed packaging; negligently unloading, transporting, or stocking the produce; negligence in the way the grapes were displayed; not providing non-slip surfaces on the floor of the produce section; not providing notice to its customers that fallen produce could be a hazard within the produce section and store; not sweeping its floors in a more timely fashion. Braun continues that because Russo's created the hazard, she did not have to demonstrate that Russo's had knowledge of the dangerous condition.
In support of this proposition, Braun cites to several cases. See Baudo v. Cleveland Clinic Found. (Cuyahoga, 1996), 113 Ohio App.3d 245
(slip-and-fall involving spilled water on floor; the evidence demonstrated by the size of the spill that it was reasonable to conclude that the water had come from an employee's water bucket); Kemper v. Builder's Square, Inc. (Montgomery. 1996),109 Ohio App.3d 127 (shopper struck by wooden posts which fell from a display which had been constructed by the premises owner);Peterson v. Rockne's Pub (Dec. 2, 1998), Summit App. No. 19084, unreported, 1998 WL 835549 (diner slipped on some red sauce dropped on wooden floor; the evidence demonstrated that only employees of the premises owner handled food and dishes in the area of the fall). The common theme in these three cases is that knowledge of the dangerous condition did not have to be demonstrated by the premises owner where reasonable minds could only conclude that the dangerous condition which actually injured the invitee was created by the premises owner. In the case sub judice, this theme is not demonstrated. While the grapes on the floor of the produce aisle (the subject hazardous condition) could have been placed there as a result of the multiple scenarios advanced by Braun, such a conclusion is pure speculation; there is no direct evidence to suggest that this, in fact, occurred. It is equally reasonable to conclude that the grapes came to be on the floor through the actions of a fellow customer on a busy shopping day, a theory which was advanced by store employees.
The Combs standard being unfulfilled, the trial court did not err in granting summary judgment to the premises owner.
Assignment overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
ANN DYKE: A.J., and JOHN T. PATTON, J., CONCUR.
 ________________________ JAMES D. SWEENEY, JUDGE.
[1] The supermarket is located near the intersection of Fairmount Boulevard and Warrensville Center Road in University Heights, Ohio.
[2] Braun's deposition, conducted October 19, 1998, was filed in the trial court on January 5, 1999.