OPINION
David M. Kirkpatrick, defendant-appellant, appeals the August 11, 1999 judgment of the Franklin County Court of Common Pleas awarding Thomas and Lisa Power, plaintiffs-appellees, $70,000 and $15,000, respectively.
On March 8, 1996, Thomas Power ("Power") was in his automobile and stopped at a red light at the intersection of Morse and Maize Roads, in Columbus, Ohio. After the signal changed to green, he proceeded through the intersection and was struck by a car driven by appellant. Power's car sustained damage and had to be towed from the site. Neither party received treatment at the scene of the accident, but within hours of the accident, Power began to experience pain in his shoulders, back, and abdomen. Later that afternoon, Power sought medical treatment from Michael J. Kirwin, M.D., his family physician. Dr. Kirwin was not at his office that day, so Power saw Eric Schroer, M.D., Dr. Kirwin's medical partner. Dr. Schroer prescribed pain medication, but the pain got progressively worse over the next few days.
On March 11, 1996, Power began treatment with Brian Allard, D.C., a chiropractor. Power's complaints over the next few months included numbness and tingling in his lower back, left foot, left leg, and pain in his left shoulder. He also testified that he began to suffer frequent bouts of diarrhea and constipation as a result of the accident. On July 12, 1996, Power saw Carl Berasi, D.O., an orthopedic surgeon, for a one-time consultation regarding his shoulder pain. Dr. Berasi diagnosed him as suffering from a rotator cuff strain and recommended physical therapy, but Power was unable to complete the therapy due to pain. Power continued treatments with Dr. Kirwin throughout 1997 and most of 1998.
In June 1997, after suffering from continued pain in his lower back radiating down into his legs, Power received an MRI, which revealed that he suffered from a herniated disc at L4-5, with degenerative disc disease demonstrated at L4-5 and L5-S1. Power continued to experience pain, and in March 1998, Dr. Kirwin referred Power to Thomas J. Hawk, M.D., a neurosurgeon, who recommended that Power undergo surgery to remove the disc. However, Power testified that he did not undergo the procedure because he could neither afford the cost of the surgery nor to be off of work for two months while he recovered.
On March 6, 1998, appellees filed a negligence action against appellant; Donna Vondach, appellant's former mother-in-law who had died between the time of the accident and the filing of the complaint; and Grange Mutual Casualty Company, Ms. Vondach's automobile insurer. On May 13, 1998, appellees filed an amended complaint naming appellant as the only defendant. Appellant admitted that he was negligent in the operation of his automobile and that Power had sustained some injury, but he denied causing any loss of consortium damages to Mrs. Power. The matter was referred to a magistrate for a jury trial on the issue of damages only, and the trial commenced on July 19, 1999. On July 22, 1999, the jury returned a general verdict in favor of Thomas Power for $70,000 and Lisa Power for $15,000 on her loss of consortium claim. The judgment entry was filed on August 11, 1999. Appellant appeals the judgment, asserting the following assignments of error:
 I. THE TRIAL COURT ADMITTED [sic] PREJUDICIAL ERROR IN INSTRUCTING THE JURY THAT IT COULD ASSESS DAMAGES FOR FUTURE MEDICAL EXPENSES.
 II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN INSTRUCTING THE JURY THAT IT COULD ASSESS DAMAGES FOR FUTURE DISABILITY OR IMPAIRMENT.
 III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN INSTRUCTING THE JURY THAT IT COULD AWARD DAMAGES FOR FUTURE EARNINGS.
 IV. THE TRIAL COURT PREJUDICIALLY ERRED IN ADMITTING DR. KIRWIN'S ATTEMPTED TESTIMONY CONCERNING PROXIMATE CAUSE.
Appellant argues in his first assignment of error that the trial court erred in instructing the jury that it could assess damages for future medical expenses. It is well established that a trial court should confine its jury instruction to the issues raised by the pleadings and the evidence. Becker v. Lake Cty. Mem.Hosp. West (1990), 53 Ohio St.3d 202, 208. The trial court will not instruct the jury where there is no evidence to support an issue, but an instruction should be given if it is a correct statement of law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the specific instruction. Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585,591; Feterle v. Huettner (1971) 28 Ohio St.2d 54, syllabus. Whether a trial judge withholds an issue from the jury by directed verdict or by declining to instruct them on it, the review is essentially the same. See Feterle, supra, at 55-56. Thus, the proper standard for the trial court is whether there is probative evidence that, if believed, would permit reasonable minds to come to different conclusions as to the essential elements of the case, construing the evidence most strongly in favor of the party seeking to have the instruction given. See, generally, Civ.R. 50(A); Id. However, the court must neither consider the weight of the evidence nor the credibility of the witnesses. Strother v.Hutchinson (1981), 67 Ohio St.2d 282, 284.
When reviewing a trial court's jury instruction, the proper standard of review for an appellate court is whether the trial court's decision, to give a requested jury instruction, constitutes an abuse of discretion under the facts and circumstances of the case. State v. Wolons (1989), 44 Ohio St.3d 64,68. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
A jury is not permitted to speculate as to damages for future medical expenses. As noted in Powell v. Montgomery (1971),27 Ohio App.2d 112:
 The mere fact alone that there may be some permanency to the injury is not enough. This court is committed to the proposition that the jury cannot be allowed to speculate or guess in making allowance for future medical expenses; there must be some data furnished the jury upon which it might reasonably estimate the amount to be allowed for this item. Id. at 120.
Thus, in awarding prospective damages, juries are confined to those damages reasonably certain to follow from the claimed injury. Jordan v. Elex, Inc. (1992), 82 Ohio App.3d 222, 230;Roberts v. Mut. Mfg. Supply Co. (1984), 16 Ohio App.3d 324,325.
Power presented sufficient evidence on future medical damages to warrant a jury instruction on that issue. Dr. Kirwin testified that appellant was "certainly" not fully recovered from the accident and that he still needed pain medication. Dr. Kirwin also stated that Power's lower back pain "may" improve with future surgery. Further, Dr. Allard stated that he was still concerned with Power's shoulder and that Power was still having lower back problems. Dr. Allard also stated that Power would benefit from conservative care on a periodic basis to keep the movement introduced into the lower back and shoulders. Power testified that Dr. Kirwin and Dr. Hawk indicated that he would need future surgery to repair the damaged disc in his back. Both he and Mrs. Power testified that they had scheduled surgery for Power's back, but cancelled the appointment because the cost of the surgery and the two months that Power would have to take off of work to recuperate were cost prohibitive. Power also stated that he was still taking medication (Soma and Tylenol III) and would take it into the future. Evidence was also presented demonstrating the specific expenses he has incurred and currently incurs for prescription medication. In addition, on cross-examination, Power's medical expert testified that the cost of back surgery would be approximately $7,000 to $8,000, which includes the hospital and physician charges. Thus, we find that, construing the evidence most strongly in favor of appellees, there was sufficient probative testimony and evidence presented that would permit reasonable minds to find that Power would sustain future medical expenses. Therefore, the trial court did not abuse its discretion in instructing the jury on future medical damages, and appellant's first assignment of error is overruled.
Appellant argues in his second assignment of error that the trial court erred in instructing the jury that it could assess damages for future disability or impairment. We review the trial court's decision to instruct the jury on this issue based on an abuse of discretion standard. Wolons, supra. The trial court should give an instruction if it is a correct statement of law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the specific instruction. Murphy,supra; Feterle, supra. Specifically, appellant complains of the following instruction given by the trial court:
 If you find from the greater weight of the evidence d that, as a proximate cause of the injuries sustained, the Plaintiff has suffered a permanent injury, disability or impairment, which is evidenced by way of the inability to perform the usual activities of life, such as the basic mechanical body movements of walking, climbing stairs, feeding oneself, driving a car and so forth, or by way of the inability to perform the Plaintiff's usual specific activities which had given pleasure to this particular Plaintiff, you may consider and make a separate award for such damages.
Thus, to demonstrate a permanent injury, disability, or impairment, Power must show by the greater weight of evidence that he has the inability to perform the usual activities of life or the inability to perform his usual specific activities that had given him pleasure.
Appellees presented sufficient evidence to warrant an instruction on the issue of future disability and impairment. Mrs. Power testified that Power is often forced to sleep in a recliner, rather than their bed, due to pain from the accident. She also stated that her husband has trouble walking "every once in a while" and continues to limp. She testified that since the accident he is unable to do many things that he used to enjoy, such as riding his bicycle, going to the zoo, and pushing a stroller. Mrs. Power also stated that he no longer is able to cut the grass, edge the flowerbeds, pull weeds, or work in the yard, which he used to enjoy doing before the accident. Further, she testified that he was unable to carry laundry baskets up and down the steps and had difficulty engaging in sexual intercourse. Greg Channel, appellees' personal friend, testified that Power still limps when he walks and continues to suffer from bowel problems as a result of the accident. He also testified that Power does not ambulate well going up and down steps.
In addition, Dr. Kirwin testified that, to a reasonable medical probability, he believes the problems related to Power's shoulder is permanent because a number of years had passed since the injury with little improvement. He opined that the lower back injury "may" improve with surgery. We find that, construing the evidence most strongly in favor of appellees, there was sufficient probative testimony and evidence presented that would permit reasonable minds to find that Power would sustain future impairment and disability as a result of the accident. Therefore, the trial court did not abuse its discretion in instructing the jury on future impairment damages, and appellant's second assignment of error is overruled.
Appellant argues in his third assignment of error that the trial court committed prejudicial error in instructing the jury that it could award damages for future earnings. Again, our review is an abuse of discretion standard. Wolons, supra. Also, as stated above, it is proper for a trial court to give an instruction if it is a correct statement of law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the specific instruction. Murphy, supra; Feterle, supra. Although appellant seems to present arguments regarding both damages for past and future loss of earnings, appellant's assignment of error addresses only the instruction regarding future lost earnings, and he only cites the jury instruction relating to the future loss of earnings. Therefore, we will only address the instruction with regard to the future earnings loss.
An award of damages for future wage loss raises two independent evidentiary concerns: (1) whether Power offered sufficient proof of any future impairment; and (2) whether Power offered sufficient evidence of the extent of prospective damages flowing from the impairment. In order to recover future damages, including future wage loss, Power must prove by sufficient evidence that he is reasonably certain to incur such damages in the future. Galayda v. Lake Hosp. Sys., Inc. (1994), 71 Ohio St.3d 421,425. Therefore, the showing of future loss of earnings in a personal injury case involves demonstrating with reasonable certainty that an individual's injury or condition prevents that individual from attaining his or her pre-injury wage.
The proof required showing future earnings impairment depends on the nature of the individuals condition. "[Where] the injury is of an objective nature (such as the loss of an arm, leg, or other member) the jury may draw their conclusions as to [future earnings damages] from that fact alone (the permanency of such injury being obvious); whereas there must be expert evidence as to [future damages] or permanency where the injury is subjective in character." Day v. Gulley (1963), 175 Ohio St. 83, 86; see, also,Corwin v. St. Anthony Med. Ctr. (1992), 80 Ohio App.3d 836,840-841, citing Day, supra. Generally, an "objective injury" means that the injury or condition itself, without more, will provide an evidentiary basis for the jury to conclude with reasonable certainty that future damages will probably result. See, e.g., Powell, supra, at 119.
In light of the foregoing, the initial inquiry is whether Power's condition after his accident was objective or subjective. We find that the conditions suffered by Power are subjective in nature, and, therefore, Power was required to present expert testimony that he would suffer permanent impairment. See Williams v. Noden (Feb. 15, 1995), Summit App. No. 16857, unreported (holding that the jury could not conclude, based upon common knowledge and experience, that a herniated disc would cause the disability and prospective damages claimed by the plaintiff, and the plaintiff therefore was required to submit expert testimony). As discussed above, appellees presented sufficient expert evidence that, construing the evidence most strongly in their favor, Power's injuries were permanent in nature and would continue into the future. Thus, we find that there was sufficient probative testimony and evidence presented that would permit reasonable minds to find that Power would sustain permanent impairment as a result of the accident.
Power must also demonstrate future wage loss by proving a wage loss as a result of that impairment. As the trial court instructed, the measure of damages for impairment of earning capacity is "the difference between the amount which the plaintiff was capable of earning before his injury and that which he is capable of earning thereafter." Deyo v. Adjutant General's Dept.
(Aug. 16, 1994), Franklin App. No. 93API12-1667, unreported (quoting Hanna v. Stoll [1925], 112 Ohio St. 344, 353).
Dr. Kirwin testified that Power needed to find a new job due to the injuries he sustained in the accident. Power testified that he was in the process of getting accredited to conduct home inspections in order to try to utilize his skills gained in his home remodeling experience. Despite this evidence, there was a clear void of evidence and testimony as to whether such a change in employment would result in future loss of earnings as compared with his current employment, and, if so, the extent of such loss. However, it is a fundamental tenet of appellate procedure that when a general verdict is returned, error with respect to one of the issues will be disregarded if the finding in favor of the prevailing party on the other issue would justify the verdict. SeeCentrello v. Basky (1955), 164 Ohio St. 41; McCarthy v. Kasperak
(1981), 3 Ohio App.3d 206. Appellant admitted that he was negligent and that Power did sustain some injury as a result of the accident, which caused medical expenses to be incurred, as well as pain and suffering. As stated above, Power presented sufficient evidence, which, if believed, would support an award of compensation for future disability and medical expenses. Consequently, regardless of any error in presenting a jury instruction on this issue, Power established entitlement to some award of damages independent of the disputed future loss of earnings.
The jury verdict in this case was not tested by any specific interrogatories asking the jury to apportion its total award among the various types of damages sought by appellees. Given the absence of special jury interrogatories, we are unable to determine with any degree of certainty whether Power's award was enhanced by the jury instruction. See Holman v. GrandviewHosp. Med. Ctr. (1987), 37 Ohio App.3d 151, 156; Millard v. CSXTransp., Inc. (Feb. 10, 1998), Franklin App. No. 97APE05-717, unreported; Presley v. Rutherford (Dec. 23, 1993), Franklin App. No. 93AP-532, unreported. Because the record in this case does not clearly evidence an award of compensation for future loss of earnings, appellant has failed to demonstrate prejudice arising out of the erroneous instruction. For the foregoing reasons, appellant's third assignment of error is overruled.
Appellant argues in his fourth assignment of error that the trial court prejudicially erred in admitting Dr. Kirwin's attempted testimony concerning proximate cause. Appellant objects to the following testimony elicited from Dr. Kirwin:
 Q. Do you have a medical opinion whether or not the automobile accident of March 8th, 1996, the trauma in that accident to the to Mr. Powers' [sic] spinal region was a proximate cause of the subsequent disk herniation?
A. Could you define proximal [sic] cause for me?
 Q. A contributing factor. A medically contributing factor. Not the sole contributing factor, but a medically contributing factor to that condition.
A. I believe it was a contributing factor to that condition.
Appellant asserts that Dr. Kirwin did not understand the concept of proximate cause, and Power's attorney did not offer an adequate definition. Thus, appellant contends that the trial court abused its discretion in admitting the testimony of Dr. Kirwin on this issue.
"`The trial court has broad discretion in the admission * * * of evidence and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, [an appellate] court should be slow to interfere.'" State v. Maurer
(1984), 15 Ohio St.3d 239, 265, quoting State v. Hymore (1967),9 Ohio St.2d 122, 128. An abuse of discretion is more than an error of judgment but, instead, demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
"It is well-settled that the establishment of proximate cause through medical expert testimony must be by probability. At a minimum, the trier of fact must be provided with evidence that the injury was more likely than not caused by defendant's negligence. Opinions expressed with a lesser degree of certainty must be excluded as speculative." Shumaker v. Oliver B. Cannon Sons, Inc. (1986), 28 Ohio St.3d 367, 369 (citation omitted) (footnote omitted). The court in Shumaker, in the accompanying footnote, further stated, in part, that "[e]vidence which only shows that a condition could have been the result of an injury is `insufficient proof to warrant submission of the cause to the jury.'" Id., citing Drew v. Indus. Comm. (1940), 136 Ohio St. 499,501. "Proximate cause" is a happening or event, which as a natural and continuous sequence produces an injury without which the result would have not occurred. Murphy, supra.
We first note that Dr. Kirwin agreed to "state all medical opinions on the basis of reasonable medical probability; that is, greater than 51 percent probability." Thus, Dr. Kirwin's medical opinion, in this regard, comported with the requisite degree of medical probability.
With regard to Dr. Kirwin's testimony that the accident was a "contributing factor" to Power's injuries, we find that such testimony was sufficient to establish his opinion on proximate cause. The trial court gave the following instruction to the jury regarding proximate cause:
 A proximate cause is that which, in a natural and continued sequence, contributes to produce the result, and without which it would not have happened. The fact that some other cause concurred — the fact that some other cause occurred with the negligence of the Defendant in producing an injury does not relieve him from liability, unless it is shown such other cause would have produced the injury independent of the Defendant's negligence.
Although the impromptu definition provided to Dr. Kirwin by counsel for appellees was not identical to that enunciated above, Dr. Kirwin's response that the accident was a "contributing factor" falls within the meaning of proximate cause. InLumbermans Mut. Cas. Co. v. Ohio Dept. of Transp. (1988),49 Ohio App.3d 129, we found that a "minor contributing factor" may also be a proximate cause, absent some superceding event negating the causal connection. Thus, "while that `minor contributing factor' may eventually be determined to represent only a small fraction of the total negligence involved in proximately causing the accident, that result does not eliminate the `minor contributing factor' as a proximate cause." Id. at 133. Therefore, because the automobile accident was a "contributing factor" to Power's injuries, it may be a proximate cause.
Appellant maintains that there was testimony regarding other causes of Power's injuries, including Power's age, his gender, his occupation, his prior injuries, and degenerative disc disease, and that these other causes may also be deemed "contributing causes." Appellant contends that the accident was no more a cause of Power's herniated disc than these other causes. However, Dr. Kirwin specifically testified:
 And I would say that the automobile accident, of all of the issues that he's had with his back and his extremities, was probably the most traumatic and probably the most important injury that he had over the course of the time from 1995 to present day.
Further, it has long been recognized that the result complained of in a negligence suit may stem from multiple causes.Am. States Ins. Co. v. Caputo (1998), 126 Ohio App.3d 401, 407, citing Taylor v. Webster (1967), 12 Ohio St.2d 53. When a single injury is caused by two or more factors joined together, both factors may be considered the proximate cause. Berdyck v. Shinde
(1993), 66 Ohio St.3d 573, 584. As long as the original act of negligence contributes substantially to the harm caused, liability may still be imposed. Id. Although Dr. Kirwin used the words "contributing factor" and not the words "contributes substantially," we cannot say, given our standard of review, that the trial court abused its discretion in permitting the testimony of Dr. Kirwin on the issue of proximate cause. For the foregoing reasons, appellant's fourth assignment of error is overruled.
Accordingly, appellant's four assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
McCORMAC, J., concurs.
BRYANT, J., concurs separately.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.