OPINION
Shirley Gilbert appeals from a judgment rendered in her favor in the amount of $846.46 on her claim for personal injuries sustained as a result of a car accident.
On December 10, 1992, Gilbert's car was involved in a collision with a car driven by Theresa McKenzie. Gilbert has experienced pain in her neck, back, and extremities since the accident.
On January 24, 1997, Gilbert filed a complaint against McKenzie for personal injuries. An arbitration panel heard the case and found for Gilbert in the amount of $7000. Both parties appealed the decision of the arbitration panel. The first trial on Gilbert's claims was held in February 1999. That trial ended in a mistrial.
This matter was tried for a second time beginning on December 13, 1999. The jury found in favor of Gilbert and awarded her $846.46 in damages. The trial court entered a judgment against McKenzie in that amount and ordered each party to pay one-half of the court costs.
Gilbert filed timely notice of appeal. She presents one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY IMPROPERLY DENYING APPELLANT SHIRLEY L. GILBERT'S MOTION IN LIMINE TO EXCLUDE THE MEDICAL RECORD OF JOHN H. MARGOLIS M.D., AND ALLOWING THE OPINIONS EXPRESSED IN DR. MARGOLIS' RECORD TO BE PRESENTED TO THE JURY.
Gilbert's general physician, Dr. Seiler, had referred her for examination to a neurosurgeon, Dr. John Margolis. On the evening after her appointment, Dr. Margolis suddenly and unexpectedly died. Before he died, Dr. Margolis dictated the notes from his examination of Gilbert. Dr. Margolis' notes state: "It is my opinion that the injury is not related to the current symptoms but the symptoms she has been experiencing are related to degenerative disease."
Prior to the first trial, Gilbert objected to the introduction of Dr. Margolis' notes in a motion in limine filed on January 29, 1999. Thetrial court denied the motion. Gilbert again objected to theintroduction of the contents of Dr. Margolis' notes during thecross-examination of Dr. Seiler, who testified that he had referredGilbert to Dr. Margolis and relied on Dr. Margolis' opinion when forminghis own. This objection was overruled.
Gilbert raises two issues under the assignment of error. Gilbert argues first that it was an abuse of discretion to admit evidence of Dr. Margolis' conclusion because it is not expressed in terms of a probability. Secondly, Gilbert argues that it was an abuse of discretion to admit the testimony when she had no opportunity to cross examine Dr. Margolis.
An expert opinion must be expressed in terms of probability, not merelypossibility. Stinson v. England (1994), 69 Ohio St.3d 451 . An event isprobable if there is a greater than fifty percent likelihood that itoccurred. Id. Gilbert argues that because the statement from Dr.Margolis' notes is not stated in terms of probability it should not havebeen admitted.
We are not persuaded by this argument. Gilbert is correct that Dr. Margolis' opinion was not stated in terms of probability. It was stated as an absolute. This likely resulted from the fact that it was related informally by one colleague to another. In any event, the use of Margolis' opinion did not run afoul of Stinson because an absoluteproposition encompasses within its meaning every degree of probability.
Further, no right to cross-examine Dr. Margolis attached because McKenzie did not offer Dr. Margolis' opinion to prove the truth of the matter it asserted. Rather, it was used to impeach Dr. Seiler's testimony concerning his own opinion by proof of a contradiction; that another expert on whose opinion he relied to form his own had arrived at a contrary conclusion. Under Evid.R. 705, the basis of an expert's opinion is the proper subject of cross-examination. Am. States Ins. Co.v. Caputo (1998), 126 Ohio App.3d 401 .
If Gilbert believed that Dr. Seiler's testimony regarding Dr. Margolis' notes had the capacity to mislead the jury concerning the cause of her physical complaints, she could have asked the court to exclude the evidence per Evid.R. 403(A), which is essentially what she did. Whether it is misleading necessarily includes an evaluation of the usefulness of Evid.R. 105, the limiting instruction rule, to avoid the misleading effect. We believe that a limiting instruction would have had that benefit, in this instance. However, Gilbert did not request a limiting instruction. She cannot now argue that the court erred when it denied her Evid.R. 403(A) motion to exclude Dr. Margolis' statement.
Gilbert's sole assignment of error is overruled.
 Conclusion Having overruled the assignment of error, we will affirm the judgmentof the trial court from which this appeal was taken.
BROGAN, J. and FAIN, J., concur.